RUSSELL and others *v.* WORTHINGTON, Collector.

*(Circuit Court, D. Massachusetts.    March 13, 1885.)*

CUSTOMS DUTIES—TIN CANS CONTAINING LOBSTERS—ACT OF FEBRUARY 8, 1875.
    Tin cans containing lobsters imported from Prince Edward's island and from
    Halifax, Nova Scotia, are subject to duty under the act of congress of Febru-
    ary 8, 1875.

At Law.

*L. S. Dabney,* for plaintiff.

*Geo. P. Sanger,* U. S. Atty., for defendant.

COLT, J.    The plaintiffs imported in July and September, 1883,
from Prince Edward's island, and from Halifax, Nova Scotia, several
thousand cases of tin cans containing canned lobsters.    Each case
contained 75 cans.    On each can the defendant collector assessed a
duty of one cent and a half, amounting to $1,877.04.    The plaintiffs
contend that under the present law tin cans containing lobsters are
not subject to any duty.    A protest against the exaction of the duty
was duly filed.    The secretary of the treasury having on appeal af-
firmed the decision of the collector assessing the duty, the plaintiffs
have brought this suit to recover back the amount of duty paid.

By the act of February 8, 1875, (Supp. Rev. St. 130,) anchovies
and sardines packed in oil, or otherwise in tin boxes, are subject to cer-
tain duties; and then follows this provision:

"Provided, that cans or packages made of tin, or other material, containing
fish of any kind, admitted free of duty under any existing law or treaty, not
exceeding one quart in contents, shall be subject to a duty of one cent and a
half on each can or package; and when exceeding one quart, shall be subject
to an additional duty of one cent and a half for each additional quart, or frac-
tional part thereof."

At the time this law was passed we find that a treaty, duly rati-
fied, existed between the United States and Great Britain, (17 St.
863, 870,) by which "fish oil and fish of all kinds, (except fish of the
inland lakes and of the rivers falling into them, and except fish pre-
served in oil,) being the produce of the fisheries of the United States,
or of the Dominion of Canada, or of Prince Edward's island, shall be
admitted into each country, respectively, free of duty."

The act of February 8, 1875, imposes a duty on tin cans contain-
ing fish of any kind, admitted free of duty under any existing law or
treaty; and, there being an existing treaty by which fish of all kinds
from Great Britain, Canada, and Prince Edward's island were ad-
mitted free of duty, and this importation coming from some of those
countries, it is clear that, unless the law has since been changed, the
duty in the case before us was properly assessed.

In the tariff act of March 3, 1883, (22 St. 488,) new and different
duties are imposed on anchovies and sardines, and shrimps, or other
shell-fish, are admitted free.    It is contended by the plaintiffs that
congress having established new and different duties on anchovies

and sardines, and having omitted the proviso as to cans containing fish, the latter is repealed by implication. But this can hardly be true, because the proviso is general in its terms, and applies to all kinds of fish. By changing the duties on anchovies and sardines, there is no reason to suppose that congress intended to repeal a general law imposing a duty on tin cans containing fish of any kind. While the law is in the form of a proviso, it appears to be in no way dependent on what precedes.

But it is claimed that the present importation was made under the act of March 3, 1883, which admits shrimps, or other shell-fish, free of duty, and that, therefore, it was not made under any existing law or treaty within the meaning of the act of February 9, 1875. These cans of lobsters were imported from Prince Edward's island, and from Nova Scotia. These countries are named in the treaty of 1871 between the United States and Great Britain as those from which fish of all kinds are to be admitted free of duty, with certain exceptions. The act of February 9, 1875, was plainly designed by congress to assess a duty on the cans containing fish imported from these countries under the treaty. In the act of March 3, 1883, section 11, we find it expressly provided that nothing in the act shall in any way change or impair the force or effect of any existing treaty between the United States and any other government. With this treaty still in force, we do not see how the plaintiffs can escape payment of the duty exacted. Nor can it be said that cans, being the usual and necessary box or covering for lobsters, are exempt from duty under section 7 of the act of March 3, 1883. Section 7 refers, in express terms, to sections 2907, 2908, Rev. St., and 18 St. 189, § 14, and repeals them. In our opinion, section 7 has no reference to the specific duty imposed on tin cans containing any kind of fish, and it in no way, expressly or by implication, repeals the act of February 9, 1875.

Judgment for defendant.