KENT v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. April 6, 1896.)

1. CUSTOMS DUTIES—CLASSIFICATION—BURLAP BAGS REIMPORTED.
    The provision in the act of February 8, 1875 (section 7), amending the tariff laws so as to admit free, on their return to the United States, foreign-made bags in which American grain has been exported (thus placing them on the same footing with similar American bags), was superseded by the provisions of the tariff acts of 1883 and 1890, from which this provision was omitted; and under the latter act (paragraph 365) such foreign bags were dutiable at 2 cents per pound. 68 Fed. 536, affirmed.

2. REPEAL OF STATUTES.
    When a later act is a complete revision of the subject to which an earlier statute relates, and is manifestly intended as a substitute for the former legislation, the prior act must be considered as repealed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was an application to review a decision of the board of general appraisers affirming the action of the collector of the port of New York in respect of the classification for duty of certain merchandise. The circuit court affirmed the decision of the board (68 Fed. 536), and the importer appealed.

Stephen G. Clarke, for appellant.

Henry D. Sedgwick, Jr., Asst. U. S. Atty.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. In June, 1893, Percy Kent, the appellant, imported into the port of New York 75 bales of grain bags made of burlaps, which had been used in the exportation of Amer-

ican grain, and were imported, after such use, as secondhand bags, being, for the most part, known as "cental bags." Such cental bags are made in very large quantities in foreign countries. Two bales, which were selected and agreed upon as representative bales, were found to contain 1,613 bags of foreign manufacture and 387 of American manufacture. The collector classified them for duty under paragraph 365 of the tariff act of October 1, 1890, which is as follows: "Bags for grain made of burlaps, two cents per pound." As to the bags of foreign manufacture, the importer protested against this classification, upon the ground that they were entitled to free entry, under the provisions of section 7 of the act of February 8, 1875 (18 Stat. 307), which provided as follows: "That bags, other than of American manufacture, in which grain shall have been actually exported from the United States, may be returned empty to the United States, free of duty, under regulations to be prescribed by the secretary of the treasury." The board of general appraisers affirmed the action of the collector upon the bags of foreign manufacture, and upon appeal the circuit court affirmed the decision of the board.

The sole question in the case is whether the quoted proviso in section 7 of the act of February 8, 1875, was in force at the time of the importation. If it was, the bags were exempted from duty. Schedule C of title 33 of the Revised Statutes—the title which related to duties upon imports—imposed a duty of 40 per centum ad valorem upon bags (except bagging for cotton) composed wholly or in part of jute, the material of which grain bags are made; but grain bags, the manufacture of the United States, if exported containing American produce, and if declaration was made of intent to return the same empty, were exempt from duty (Rev. St. § 2505). The act of February 7, 1875, was in part an amendment of the existing statutes, and the provision which has been quoted was for the purpose of placing empty grain bags of foreign and home manufacture, when returned to this country after having been used in the exportation of grain, in the same dutiable condition. Section 6 of the comprehensive tariff act of March 3, 1883 (22 Stat. 489), provided that on and after July 1, 1883, "the following sections shall constitute and be a substitute for title thirty-three of the Revised Statutes." The previously existing provision in regard to empty returned bags of American manufacture was re-enacted in substance in the free list, but the provision in section 7 of the act of 1875 was omitted, and bags, except bagging for cotton, were made dutiable at 40 per cent. ad valorem. Paragraph 493 of the tariff act of October 1, 1890, retained the same exemption from duty upon returned empty bags of American manufacture, and was silent in regard to returned empty foreign-made bags which were filled when exported. Thus, since 1875, two comprehensive revisions of the title in the Revised Statutes relating to duties upon imports have taken place, and the amendment of the act of 1875, in regard to foreign-made bags, has been omitted. while the subject of the dutiable rate upon bagging has received the usual consideration. These successive acts show a plain intention to substitute their respective provisions

in regard to bagging in the place of all prior legislation on that subject. In re Straus, 46 Fed. 522. It is a general rule that when a later statute is a complete revision of the particular subject to which the earlier statute related, and the new legislation was manifestly intended as a substitute for the former legislation, the prior act must be held to have been repealed. U. S. v. Claflin, 97 U. S. 546; Red Rock v. Henry, 106 U. S. 596, 1 Sup. Ct. 434. But it is said that Russell v. Worthington, 23 Fed. 248, shows that certain dutiable features of the act of 1875 were not repealed by the tariff act of 1883. The statutory facts upon which that case turned were quite different from those which are here involved, and showed, in the opinion of the experienced judge who tried it, that the new act was not intended to apply to the particular provision which was the subject of the controversy. The vital facts in the two cases are different. The judgment of the circuit court is affirmed.