## Dow Co. *v.* United States (No. 1697).[1]

1. Canadian Reciprocity.

    The tariff act of 1913 was designed to be a complete revision of the tariff laws of the country, and its wording very clearly shows that it was intended as a substitute for all prior tariff legislation not saved by the act itself. The rule seems to be well settled that an act of that character must be held to have repealed all prior laws not expressly continued in force and relating to the same subject. And, so, the tariff act of 1913 repealed section 2 of the Canadian reciprocity act.

2. Wrapping Paper from Norway.

    Paper imported from Norway, answering to the description of section 2 of the Canadian reciprocity act and imported under the conditions therein set out, is not, by virtue of the favored-nation clause in a subsisting treaty with Norway, admissible free of duty under said section, because said section was repealed by the tariff act of 1913. The paper is dutiable as "wrapping paper not specially provided for" under paragraph 328, tariff act of 1913.

## United States Court of Customs Appeals, December 21, 1916.

Appeal from Board of United States General Appraisers, G. A. 7848 (T. D. 36116).

[Affirmed.]

*Walden & Webster (Henry J. Webster* of counsel) for appellant.

*Bert Hanson,* Assistant Attorney General (*Thomas J. Doherty,* special attorney, of counsel), for the United States.

[Oral argument October 20, 1916, by Mr. Webster and Mr. Doherty.]

Before Montgomery, Smith, Barber, De Vries, and Martin, Judges.

Smith, Judge, delivered the opinion of the court:

Paper imported from Norway and classified by the collector of customs at Seattle as wrapping paper valued at less than 4 cents per pound and not specially provided for, was assessed for duty at 25 per cent ad valorem under the provisions of paragraph 328 of the tariff act of 1913, which paragraph, in so far as it is pertinent to the case, reads as follows:

328. * * * Wrapping paper not specially provided for in this section, 25 per centum ad valorem.

---

[1] Reported in T. D. 36902 (31 Treas. Dec., 642).

The importers protested that under section 2 of what has come to be known as the Canadian reciprocity act the importation was free of duty, by virtue, apparently, of the favored-nation clause in a subsisting treaty with Norway. Section 2 reads as follows:

SEC. 2. Pulp of wood mechanically ground; pulp of wood, chemical, bleached, or unbleached; news print paper, and other paper, and paper board, manufactured from mechanical wood pulp or from chemical wood pulp, or of which such pulp is the component material of chief value, colored in the pulp, or not colored, and valued at not more than four cents per pound, not including printed or decorated wall paper, being the products of Canada, when imported therefrom directly into the United States, shall be admitted free of duty, on the condition precedent that no export duty, export license fee, or other export charge of any kind whatsoever (whether in the form of additional charge or license fee or otherwise), or any prohibition or restriction in any way of the exportation (whether by law, order, regulation, contractual relation, or otherwise, directly or indirectly), shall have been imposed upon such paper, board, or wood pulp, or the wood used in the manufacture of such paper, board, or wood pulp, or the wood pulp used in the manufacture of such paper or board.

The Board of General Appraisers overruled the protest and the importers appealed.

No evidence was taken at the hearing before the board, and the case was submitted for decision on the following stipulation:

It is hereby stipulated and agreed by and between counsel that the paper covered by the protest herein is valued at less than 4 cents per pound; that it was exported directly from Norway to this country; that it is the product of Norway; that no export duty, export license fee, or other export charge of any kind whatsoever, or any prohibition or restriction in any way upon exportation has been imposed upon the paper covered by the above protests or upon the wood pulp used in the manufacture of said paper, or the wood used in the manufacture of said wood pulp; that said paper was manufactured only from wood pulp made in Norway from wood which was itself grown in Norway.

The Government contends that section 2 of the Canadian reciprocity act upon which the importer relies was repealed by the tariff act of 1913 and that as a result of that repeal the importation is dutiable as by that act provided. The importer on its part argues that section 2 was not in terms repealed by the act of 1913 and that as section and act are not repugnant or inconsistent no repeal can be implied.

Section 1 of the reciprocity act had for its sole purpose the promotion of reciprocal trade relations with the Dominion of Canada, and in furtherance of that purpose provided expressly that certain articles, the growth, product, or manufacture of the Dominion of Canada, should be admitted to the United States free or at favoring rates of duty on condition that like or other articles the growth, product, or manufacture of the United States should be admitted to the Dominion of Canada free or at favoring rates of duty. Section 2 however, upon which the importers rely, granted free entry to the news print paper and other paper therein described and for that grant no reciprocal favor was required of Canada. Canada refused to ap-

prove the reciprocal features of the act, and in consequence the provisions of section 1 did not take effect. Section 2, however, became operative on the passage of the act, and operative not for the purpose of promoting reciprocal trade relations with Canada, but for the purpose of free listing paper of a certain kind or class imported therefrom. In other words, reciprocity with Canada having failed, section 2 went into effect as a tariff provision and as part of the tariff law of the land.

The whole question in the case, therefore, resolves itself into this: Was section 2 repealed by the subsequent passage of the tariff act of 1913? We think it was, because it is in conflict with at least one provision of the later tariff law and repealed by another. The very first mandate of the tariff of 1913 requires that on and after the day following the passage of the law the rates of duty prescribed by the schedules and paragraphs thereof, except as otherwise provided by the act itself, shall be levied, collected, and paid upon all articles imported from any foreign country into the United States or into any of its possessions, except the Philippine Islands and the islands of Guam and Tutuila. Giving to that provision the meaning which its terms import, it is evident that if the act of which the provision is a part imposes a duty on the goods in controversy, no effect can be given to section 2 of the reciprocity act exempting such goods from duty, unless the later legislative dispensation specially so provides. Schedule M of the tariff act of 1913 does subject to duty goods of the class imported, and as we find nothing in that act which continues in force the provisions of section 2 of the reciprocity act entitling such goods to free entry, it results that section 2, exempting the goods in controversy from duty, is in conflict with Schedule M, and, therefore, even if the later enactment contained no repealing provisions, it would seem to be repealed by necessary implication, at least in so far as it affects the merchandise under discussion. District of Columbia *v.* Hutton (143 U. S., 18, 26–27). But, however that may be, paragraph S of section 4 of the tariff act of 1913 expressly provides that "all acts and parts of acts inconsistent with the provisions of this act are hereby repealed," provided that nothing in the act shall be construed to repeal or in any manner affect certain laws and parts of laws specified in the provisos to the paragraph. Section 2 is, as we have seen, manifestly inconsistent with the provisions of the later act, and as it is not one of the laws saved by the provisos, it must therefore be regarded as repealed by the express terms of the clause of paragraph S which has just been cited.

The importers, however, contend that the act of 1913 is a general statute, and that as section 2 of the reciprocity act is a special provision restricted to wood pulp, paper, and paper board imported from Canada, it is continued in force as an exception to the general

law.   The tariff act of 1913 is a general law in the sense that it is a general tariff law dealing with the whole subject of tariff duties, but inasmuch as it expressly and specifically provides that wrapping paper imported from *any* foreign country, and therefore from Canada, shall be subjected to a duty of 25 per cent ad valorem, it·is in that particular just as specific and special as to purpose and matter covered as is section 2 itself, and possibly more so.   Consequently the cases cited by learned counsel for the importers holding that special statutes in the absence of an express repeal remain in force as exceptions to the general law can scarcely be said to have any application here.   Moreover, it is now a matter of history that the tariff act of 1913 was designed to be a complete revision of the tariff laws of the country, and its wording very clearly shows, we think, that it was intended as a substitute for all prior tariff legislation not saved by the act itself.   The rule seems to be well settled that an act of that character must be held to have repealed all prior laws not expressly continued in force and relating to the same subject.   Kent *v.* United States (73 Fed., 680); United States *v.* Ranlett (172 U. S., 133, 140–141); District of Columbia *v.* Hutton (143 U. S., 18, 26–27).

The decision of the Board of General Appraisers is *affirmed*.