*Bradley* v. *Lightcap*, 202 Illinois, 154, April 24, 1903. Three of the members of the court dissented. The opinion of the Supreme Court proceeded on the strength of the decisions in 186 Illinois, 510, and 201 Illinois, 511.

---

## BRADLEY *v.* LIGHTCAP.  No. 3.

### APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 343.  Argued April 21, 1904.—Decided May 31, 1904.

A case does not necessarily arise under the constitution or laws of the United States every time a writ of error would lie to the judgment of the state court.

THE facts are stated in the opinion of the court.

*Mr. John S. Miller,* with whom *Mr. Merritt Starr* and *Mr. W. W. Hammond* were on the brief, for plaintiff in error.

*Mr. George W. Wall* and *Mr. E. A. Wallace,* with whom *Mr. Lyman Lacey, Jr.,* was on the brief, for defendant in error.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was a bill filed by Mrs. Bradley, to quiet her title to the premises in controversy in No. 243, and for appropriate relief, in the Circuit Court of the United States for the Northern District of Illinois, and was dismissed for want of jurisdiction, May 22, 1902.

The Circuit Court, Grosscup, J., was of opinion that the statute of 1872 was not one of limitation in the same sense as a statute limiting the time within which foreclosure proceedings must be brought; that the failure to take out the deed within five years raised no presumption that the mortgage debt had been paid; and that the act was, in effect, simply a limitation on the time within which the foreclosure decree could be availed of, and did not operate to forfeit the mortgagee's title to the mortgagor if the deed were not taken out. But he thought that Mrs. Bradley's title by possession as mortgagee had not been held by the state court to have been cut off by the statute of 1872, as the record in that court stood, as reported in 186 Illinois, 510, and that, therefore, the constitutional question did not arise. If, however, the Supreme Court had ruled that her title as mortgagee in possession had been so destroyed, the remedy was by writ of error from the Supreme Court of the United States. The decision in 201 Illinois, 511, was rendered February 18, 1903. Taking into view the controversy as presented in the two other cases, and that the judgments in those cases are now directed to be reversed, and bearing in mind that a case does not necessarily arise under the Constitution or laws of the United States every time a writ of error would lie to the judgment of the state court, the decree of the Circuit Court will be

*Affirmed.*