## BURKE v. SOUTHERN BELL TELEPHONE & TELEGRAPH CO.
### No. 2200.

District Court, S. D. Alabama.
July 23, 1930.

Smith & Johnston, of Mobile, Ala., and Pettus & Fuller, of Selma, Ala., for libelant.

E. D. Smith, of Atlanta, Ga., Mallory, Mallory & Lapsley, of Selma, Ala., and Pillans, Cowley & Gresham, of Mobile, Ala., for exceptant.

ERVIN, District Judge.

The telephone company put up poles, above high water, on each bank of the Alabama river at Selma, and stretched its wires across the river. A river steamer, belonging to libelant, came up the river, and the wires caught her smokestacks damaging the boat, and this libel in tort is filed to recover such damage because of the alleged negligence in stretching the wires across a navigable stream.

Exceptions are filed questioning the jurisdiction of the admiralty court.

None of us have found any case covering the exact question.

It is contended that in all the decided cases where some negligence on shore has been shown, that resulted in damage on navigable waters, that the thing or place was an aid to navigation, and The Blackheath, 195 U. S. 365, 25 S. Ct. 46, 49 L. Ed. 236, is cited to support this thought. I do not so read that case, though in discussing the question before the court in its historic aspect Judge Holmes refers to various instances of that kind, but the court does not so delimit its jurisdiction.

Note the comment on page 367 of 195 U. S., 25 S. Ct. 46, 48, on The Plymouth: "In the case of The Plymouth there was nothing maritime in the nature of the tort for which the vessel was attached."

The Plymouth, 3 Wall. 20, 35, 18 L. Ed. 125, is probably the leading case on this question, and it says in answering the argument that admiralty had jurisdiction because the

negligent act that caused the damage on land originated on the boat in navigable water.

"The jurisdiction of the admiralty over maritime torts does not depend upon the wrong having been committed aboard the vessel, but upon its having been committed upon the high seas, or other navigable waters. * * *

"Every species of tort, however occurring, and whether on board a vessel or not, if upon the high seas or navigable waters, is of admiralty cognizance. * * *

"The negligence, of itself, furnishes no cause of action; it is damnum absque injuria. * * * The whole, or at least the substantial cause of action, arising out of the wrong, must be complete within the locality upon which the jurisdiction depends—on the high seas or navigable waters."

Pursuing the same thought, it was said in Rundell v. La Compagnie Generale Transatlantique (C. C. A.) 100 F. 655, 657, 49 L. R. A. 92, "The locus of the tort, therefore, which must always be determined by the place where the injury and damage arise, rather than where the negligent act is committed * * *. The damage is the substance and consummation of the injury, and from that alone springs the right of recovery."

■■ I conclude that in tort actions it is the place where the injury was sustained which gives the court jurisdiction, regardless of where the negligent act was done, and regardless also of whether the instrument or structure used as an instrumentality to accomplish the injury was located in the navigable waters or was an aid to navigation or maritime commerce.

I feel that it is unnecessary to collate the authorities or to criticize them, but cite only one that seems to reason as I do. Hermann v. Port Blakely Mill Co. (D. C.) 69 F. 646.

The exceptions will be overruled.