HORAN TRANSP. CORPORATION v. ALBANY ASPHALT & AGGREGATES CORPORATION et al.
The MARCELLA HORAN.

No. 481.

United States District Court
N. D. New York.

Aug. 22, 1949.

George J. Hatt, Albany, Mahar & Mason, New York City, for libellant.

DeGraff & Foy, Albany, John Holt-Harris, Albany, of counsel, for respondent Albany Asphalt & Aggregates Corp.

Ainsworth & Sullivan, Albany, for respondent Harnischfeger Corporation.

BRENNAN, Chief Judge.

1. This is an action in Admiralty to recover a judgment because of the alleged negligence of the respondent, Albany Asphalt & Aggregates Corporation, in which the Harnischfeger Corporation is impleaded as a respondent.

2. At all the times mentioned in the libel the libellant and respondent, Albany Asphalt & Aggregates Corporation, were and still are domestic corporations organized under the laws of the State of New York.

3. At all such times respondent-impleaded, Harnischfeger Corporation, was and still is a foreign corporation, organized under the laws of the State of Wisconsin, but was authorized to do business within New York State, having deputized the Secretary of State of the State of New York as its agent to receive all process in law issued against it.

4. At all such times libellant was the owner of the scow Marcella Horan, docked at a pier on the Hudson River, at Albany, N. Y.

5. That on July 1, 1948, the respondent, Albany Asphalt & Aggregates Corporation, was the lessee of and operated and controlled a certain hoisting crane, located on its premises at the Port of Albany, New York, which crane was owned by the Tim O'Meara Sales Co.

6. That prior to June 29, 1949, the hoisting crane was properly assembled by employees of the respondent, Albany Asphalt & Aggregates Corporation, employees of Slade Tractor Company and an employee of the impleaded respondent, Harnischfeger Corporation, the manufacturer thereof.

7. That the hoisting crane was operated on June 29 and 30, 1948 by an employee of respondent, Albany Asphalt & Aggregates Corporation, and an employee of the impleaded respondent, Harnischfeger Corporation.

8. That the hoisting crane operated in a normal manner on June 29 and 30, 1948.

9. That the employee of the impleaded respondent, Harnischfeger Corporation, completed his work relating to the assembly and inspection of said machinery, and left the scene of the accident on June 30, 1948.

10. That at about 4:00 P.M. on July 1, 1948, while that crane was being operated and controlled by the agent and servant of the respondent, Albany Asphalt & Aggregates Corporation, the clamshell bucket,

suspended from a hoisting boom by cables and loaded with sand so that the bucket and its contents weighed approximately five and one-half tons, fell, after being hoisted to a height of about 20 or 25 feet upon the deck of the scow, causing damage thereto.

11. Immediately following the accident, the respondent's agent and servant found that the reserve tank, which should have contained hydraulic fluid, was empty; and immediately upon the filling of the tank with the required fluid, and letting the air out of the hydraulic line the crane was operated again and is still operating without any material changes.

12. That the hydraulic system had been properly filled prior to placing the crane in operation, and the two small leaks subsequently discovered were incapable of providing a medium for the escape of the fluid therefrom.

13. The occurrence of July 1, 1948, above referred to, was caused by the negligence of the Albany Asphalt & Aggregates Corporation, its agents and servants, by reason of its failure to properly inspect and maintain the hydraulic system of said machine, and provide the necessary amount of fluid for its proper operation, or by reason of the negligent operation of the mechanism controlling the movement of the bucket.

14. There was no negligence on the part of the impleaded respondent, Harnischfeger Corporation, its agents, servants or employees.

15. There was no negligence on the part of the libellant or its scow master, contributing to the accident.

## Conclusions of Law

1. This Court has jurisdiction of this action and the parties thereto.

2. The impleaded respondent, Harnischfeger Corporation, is entitled to a decree dismissing the libel, libellant's complaint and respondent's petition, together with costs and disbursements against the respondent, Albany Asphalt & Aggregates Corporation.

3. The libellant is entitled to an interlocutory decree for the amount of its damages, with interest and costs, the amount of damages to be determined upon a further hearing before the Court at an appointed time.

## Memorandum

No extended discussion of the facts or law is necessary in the decision of this case.

■ The question of jurisdiction is not seriously disputed. The Harnischfeger Corporation originally raised the question, but does not appear to urge same in the brief filed. In any event I would hold that this Court has jurisdiction. Burke v. Southern Bell Telephone & Telegraph Co., D.C., 42 F.2d 742; Sieracki v. Seas Shipping Co., 3 Cir., 149 F.2d 98; Todd, etc. v. U. S., D.C., 69 F.Supp. 609.

■ No difficulty is encountered in finding that the libellant is entitled to a judgment. This action is one of that class of cases which hold that the instrumentality causing the damage being under the sole control of the respondent, and the accident being one which does not ordinarily happen without fault, the burden of an explanation is upon the party exercising such control. Cranberry Creek Coal Co. v. Red Star Towing & Transportation Co., 2 Cir., 33 F.2d 272. Here the explanation is unavailing and unsatisfying.

■ Under the evidence one must conclude either a failure of the system due to lack of inspection and replenishment of the reserve tank, or a human error in the operation of the machine. It is not necessary to determine which of the two causes were actual since the respondent is liable in either event.

As far as Harnischfeger is concerned, I can find no negligence on its part. It is not necessary to discuss the cases cited by the respondent, which discuss and apply the rule of liability of the manufacturer of a dangerous instrumentality. Here there is no evidence of defects in manufacture or assembly. All operations were without incident for over two and one-half days.

Even if it be assumed that Harnischfeger's employee Enman supervised the assembly of the machine, respondent's witness Lang testifies that he knows that the tank was filled prior to the actual operation of the machine, and that when he first operated the machine on June 29th or 30th, he was told by Enman that "——the tank was to be filled——", which must have referred to the subsequent proper operation and inspection of the machine. It appears that Lang was an experienced operator well acquainted with the operation and maintenance of machinery of the type involved here. Enman, also called as a witness by the respondent, asserts that it was the duty of the operator or oiler to fill and check the hydraulic system, which is the procedure presently used. Lang must have understood that obligation, especially after Enman had departed, and the machine was being regularly operated by him. Respondent has shown by its own witnesses that the machine was properly assembled and that the duty of maintenance was upon its employees. If the accident were then the result of lack of fluid, the neglect was that of respondent's employee and Harnishfeger is not liable.