JORDINE v. WALLING et al.

No. 10018.

United States Court of Appeals Third Circuit.

Argued Jan. 6, 1950.

Reargued Oct. 3, 1950.

Decided Nov. 10, 1950.

As Amended Nov. 27 and Dec. 14, 1950.

ersity of citizenship, to entertain the plaintiff's cause of action for maintenance and cure in a civil action brought and tried under the Federal Rules of Civil Procedure,[1] as distinguished from a suit in admiralty brought and tried under the Admiralty Rules and procedure, 28 U.S.C.A. This question we answer in the negative. The second question then arises. It is this. Did the district court nonetheless acquire jurisdiction of the plaintiff's civil action for maintenance and cure because the complaint originally included a count for damages for negligence under the Jones Act, 46 U.S.C.A. § 688. This question we also answer in the negative.

Philip Santos, the present plaintiff's decedent, was captain of a barge belonging to the defendants and was injured in connection with the operation of the barge. He brought the civil action here in question claiming in the first count damages under the Jones Act and in the second count maintenance and cure. Both Santos and the defendants were citizens of Pennsylvania. The damages alleged were $100,000 under the Jones Act and $25,000 for maintenance and cure. The first trial resulted in a mistrial. Santos died before the second trial and the present plaintiff, his administratrix, who is also a citizen of Pennsylvania, was substituted. The case was tried in the district court to a jury. At the close of the plaintiff's case the trial judge dismissed the first count for damages under the Jones Act and submitted the second count for maintenance and cure to the jury which rendered a verdict in favor of the plaintiff for $2,883.50 upon which judgment was entered. The defendants thereupon took the appeal now before us, asserting that the district court was without jurisdiction of the cause of action for maintenance and cure upon which the judgment was entered.

Thomas E. Byrne, Jr., Philadelphia, Pa. (Krusen, Evans & Shaw, Philadelphia, Pa., on the brief), for appellants.

Jack Steinman, New York City (Howard Wallner, Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and MARIS, GOODRICH, McLAUGHLIN, KALODNER, STALEY and HASTIE, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal from a judgment in favor of the plaintiff entered upon the verdict of a jury in a civil action for maintenance and cure. The action was begun by a seaman and prosecuted after his death by his administratrix. The appeal presents two questions of law for our consideration. The first question is whether the district court had jurisdiction, in the absence of div-

██ The right to maintenance and cure is an ancient right given to seamen by the maritime law.[2] The district courts may,

---

**1.** Since the adoption of the Federal Rules of Civil Procedure common law remedies in the federal district courts are afforded solely in the civil action for which the rules provide and not in an action at law as was previously the case. Rules 1 and 2, Federal Rules of Civil Procedure, 28 U.S.C.A.

**2.** Harden v. Gordon, 1823, Fed.Cas.No. 6,047; The Osceola, 1903, 189 U.S. 158, 23 S.Ct. 483, 47 L.Ed. 760; Pacific S. S. Co. v. Peterson, 1928,

therefore, entertain suits for maintenance and cure under the grant of jurisdiction over admiralty and maritime cases given to them by Section 1333 of Title 28 United States Code.[3] But the jurisdiction thus conferred is to be exercised according to the procedure in admiralty in which trial is by the district judge without a jury.[4] This particular section of Title 28 does not confer jurisdiction upon the district courts to entertain civil actions in which common law remedies are sought for the enforcement of rights arising under the maritime law. The section does, however, save "to suitors in all cases all other remedies to which they are otherwise entitled." This "saving to suitors" clause was intended to carry into Title 28 in modern and simplified form the similar provisions of Sec. 24, par. 3, and Sec. 256, par. 3, of the Judicial Code of 1911 "saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it".[5] The latter clause has been held to authorize any competent court which has jurisdiction of the parties to entertain a civil action at law for the enforcement of a right conferred by the maritime law where the right is of such nature that adequate relief may be given in such an action.[6]

It is settled that a seaman's right to damages for a maritime tort and his right to maintenance and cure may each be adequately enforced in a civil action at law and that state courts of general common law jurisdiction may, if they acquire jurisdiction of the parties, entertain such actions for the enforcement of those rights.[7]

278 U.S. 130, 137–138, 49 S.Ct. 75, 73 L.Ed. 220; Calmar S. S. Corp. v. Taylor, 1938, 303 U.S. 525, 58 S.Ct. 651, 82 L.Ed. 993; O'Donnell v. Great Lakes Co., 1943, 318 U.S. 36, 41–42, 63 S.Ct. 488, 87 L.Ed. 596; Aguilar v. Standard Oil Co., 1943, 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107.

3. "§ 1333. Admiralty, maritime and prize cases.

"The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

"(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled. * * * As amended May 24, 1949, c. 139, § 79, 63 Stat. 101."

4. The Sarah, 1823, 8 Wheat. 391, 21 U. S. 391, 5 L.Ed. 644; Panama R. R. Co. v. Johnson, 1924, 264 U.S. 375, 391, 44 S.Ct. 391, 68 L.Ed. 748; Pacific S. S. Co. v. Peterson, 1928, 278 U.S. 130, 134–135, 49 S.Ct. 75, 73 L.Ed. 220.

5. 28 U.S.C. 1940 Ed., §§ 41(3), 371(3). The phrase of the present law "all other remedies to which they are otherwise entitled" clearly includes the earlier phrase "the right of a common-law remedy where the common law is competent to give it". A common law remedy is, of course, a remedy other than in admiralty and a suitor is entitled to it if, and only if, the common law is competent to give it to him.

The reviser's note to § 1333 states:

"The 'saving to suitors' clause in said sections 41(3) and 371(3) of title 28, U.S.C., 1940 ed., was changed by substituting the words 'any other remedy to which he is otherwise entitled' for the words 'the right of a common-law remedy where the common law is competent to give it.' The substituted language is simpler and more expressive of the original intent of Congress and is in conformity with rule 2 of the Federal Rules of Civil Procedure abolishing the distinction between law and equity." H. Rep.No. 308, 80th Cong., 1st Sess., p. A118.

By the Act of May 24, 1949, § 79, 63 Stat. 101, the "saving to suitors" clause of § 1333 was amended to read as above set out in order to conform more closely to the prior language. H.Rep.No. 352, 81st Cong., 1st Sess., p. 14.

6. Leon v. Galceran, 1870, 11 Wall. 185, 78 U.S. 185, 187–188, 191, 20 L.Ed. 74; Steamboat Company v. Chase, 1872, 16 Wall. 522, 83 U.S. 522, 533–534, 21 L.Ed. 369; Chelentis v. Luckenbach S. S. Co., 1918, 247 U.S. 372, 383–384, 38 S.Ct. 501, 62 L.Ed. 1171; Philadelphia & R. R. Co. v. Berg, 3 Cir., 1921, 274 F. 534, certiorari denied 257 U.S. 638, 42 S.Ct. 50, 66 L.Ed. 410; Engel v. Davenport, 1926, 271 U.S. 33, 37, 46 S.Ct. 410, 70 L.Ed. 813; Panama R. R. Co. v. Vasquez, 1926, 271 U.S. 557, 560–561, 46 S.Ct. 596, 70 L.Ed. 1085.

7. Leon v. Galceran, 1870, 11 Wall 185, 78 U.S. 185, 20 L.Ed. 74; Steamboat Company v. Chase, 1872, 16 Wall 522, 83 U.S. 522, 21 L.Ed. 369; Panama R. R. Co. v. Vasquez, 1926, 271 U.S. 557, 46 S.Ct. 596, 70 L.Ed. 1085.

It does not necessarily follow, however, that the federal district courts may also entertain such actions for they are not courts of general common law jurisdiction but are strictly limited to the jurisdiction conferred upon them by Congress.[8] Where, however, there is diversity of citizenship the federal district courts are empowered by Section 1332 of Title 28 United States Code to entertain civil actions in the nature of actions at law both for maritime torts and for maintenance and cure if the amount in controversy in each instance exceeds $3,000.[9] Under Section 1332 the district court in the present case would unquestionably have had jurisdiction of the claim for maintenance and cure in the plaintiff's civil action if the requisite diversity of citizenship and amount in controversy were present. However, even if we assume that in the case before us the amount in controversy did exceed $3,000,[10] it is clear that there was no diversity of citizenship since both plaintiff and defendants were residents of Pennsylvania. The district court, therefore, did not acquire jurisdiction under Section 1332 and, if jurisdiction exists, we must accordingly look elsewhere for it.

The only other statutory grant of jurisdiction having possible application is Section 1331 of Title 28 United States Code, which confers upon the district courts "original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States." This section implements the provision of Article III, Section 2 of the Constitution that "The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority". It is settled, however, that cases arising under the "laws * * * of the United States" to which the section refers are only such as grow out of the legislation of Congress and involve the validity, construction or application of acts of Congress.[11] They, therefore, do not include cases arising under those general principles of the maritime law[12] which have not been modified by Congressional legislation. This is, of course, not to say that the rules of the maritime law may not be altered by Congress[13] or that if so altered they will not thereby become "laws * * * of the United States" within the meaning of Section 1331. But the right to maintenance and cure, with which we are

8. United States v. Hudson, 1812, 7 Cranch 32, 11 U.S. 32, 3 L.Ed. 259; Gillis v. California, 1934, 293 U.S. 62, 66, 55 S.Ct. 4, 79 L.Ed. 199; Chicot County Dist. v. Baxter State Bank, 1940, 308 U.S. 371, 376, 60 S.Ct. 317, 84 L.Ed. 329; City of Indianapolis v. Chase National Bank, 1941, 314 U.S. 63, 76-77, 62 S.Ct. 15, 86 L.Ed. 47; Lockerty v. Phillips, 1943, 319 U.S. 182, 187, 63 S.Ct. 1019, 87 L.Ed. 1339.

In Stevens v. R. O'Brien Co., 1 Cir., 1933, 62 F.2d 632, 633, and Nolan v. General Seafoods Corporation, 1 Cir., 1940, 112 F.2d 515, 517, this distinction was apparently not recognized. Compare McDonald v. Cape Cod Trawling Corporation, D.C.Mass., 1947, 71 F.Supp. 888, 891-892.

9. Philadelphia & R. R. Co. v. Berg, 3 Cir., 1921, 274 F. 534, certiorari denied 257 U.S. 638, 42 S.Ct. 50, 66 L.Ed. 410; Modin v. Matson Nav. Co., 9 Cir., 1942, 128 F.2d 194, 196.

10. See St. Paul Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 288-289, 58 S.Ct. 586, 82 L.Ed. 845. Although the verdict was for only $2,883.50 the plaintiff claimed $25,000.

11. State of Tennessee v. Davis, 1879, 100 U.S. 257, 264, 25 L.Ed. 648; New Orleans M. & T. Railroad Co. v. Mississippi, 1880, 102 U.S. 135, 141, 26 L.Ed. 96; Shulthis v. McDougal, 1912, 225 U.S. 561, 569, 32 S.Ct. 724, 56 L.Ed. 1205.

12. American Insurance Co. v. Canter, 1828, 1 Pet. 516, 26 U.S. 511, 544, 7 L.Ed. 242; The Chusan, 1843, Fed.Cas.No. 2,717; The Lottawanna, 1874, 21 Wall 558, 88 U.S. 558, 572, 574-576, 22 L.Ed. 654; The Osceola, 1903, 189 U.S. 158, 168-169, 23 S.Ct. 483, 47 L.Ed. 760; Southern Pacific Co. v. Jensen, 1917, 244 U.S. 205, 215, 37 S.Ct. 524, 61 L.Ed. 1086; Panama R. R. Co. v. Johnson, 1924, 264 U.S. 375, 385-387, 44 S.Ct. 391, 68 L.Ed. 748.

13. O'Donnell v. Great Lakes Co., 1943, 318 U.S. 36, 40-41, 63 S.Ct. 488, 87 L. Ed. 596.

here concerned, is a purely maritime right which has not been modified or enlarged by an act of Congress. It follows that a case of maintenance and cure does not arise under the laws of the United States within the meaning of Article III, Section 2, of the Constitution and Section 1331 of Title 28 U.S.C.

■ Nor does the fact that it was the Constitution which adopted and established the rules of the maritime law as part of the law of the United States [14] compel the conclusion that a civil action upon a purely maritime claim is cognizable under that section as one arising under the Constitution itself. For cases arising under the Constitution within the meaning of Article III, Section 2, and of Section 1331 which implements it, are only such cases as really and substantially involve a controversy as to the effect or construction of the Constitution upon the determination of which the result depends.[15] Purely maritime cases, such as suits for maintenance and cure, obviously do not involve such a controversy. Moreover cases arising under the Constitution, laws and treaties of the United States are by Article III, Section 2, limited to those arising "in Law and Equity".[16] They thus exclude "Cases of admiralty and maritime Jurisdiction", as to which cases jurisdiction is separately conferred by the same section of the Constitution. In thus making separate provision for jurisdiction over cases in law and equity arising under the Constitution, laws and treaties on the one hand, and cases of admiralty and maritime jurisdiction on the other, the Constitution, as Chief Justice Marshall pointed out long ago in American Insurance Co. v. Canter, 1828, 1 Pet. 511, 26 U.S. 511, 545, contemplated distinct classes of cases so that the grant of jurisdiction over one class did not confer jurisdiction over the other. The logic of the great expounder of the Constitution is unanswerable. If admiralty cases were understood to arise under the Constitution or laws of the United States it was wholly unnecessary to mention them separately.

■ It is true that the merits of a common law action upon a maritime claim, if brought in a state court, are reviewable by the Supreme Court under Section 1257(3) of Title 28 U.S.C. because a federal question is involved.[17] But it does not follow that such an action may be brought in a federal district court under Section 1331. For it has been held that a case does not necessarily arise under the Constitution or laws of the United States within the meaning of Section 1331 merely because it involves a federal question, i. e., a "title, right, privilege or immunity * * * specially set up or claimed under the Constitution, treaties or statutes of * * * the United States", which is reviewable under Section 1257 (3).[18] Thus, while a suit for maintenance and cure involves a "right * * * claimed under the Constitution" in the sense that the Constitution made the ancient maritime law, including its doctrine of maintenance and cure, a part of our national law and is thus within the purview of Section 1257(3), such a suit is not a case which "arises under the Constitution" in the sense of involving a controversy as to the construction of that document and is, therefore, not within the scope of Section 1331.

14. The Lottawanna, 1874, 21 Wall. 558, 88 U.S. 558, 574; Knickerbocker Ice Co. v. Stewart, 1920, 253 U.S. 149, 160, 40 S.Ct. 438, 64 L.Ed. 834.

15. Gold-Washing & Water Co. v. Keyes, 1877, 96 U.S. 199, 201, 24 L.Ed. 656; Starin v. New York, 1885, 115 U.S. 248, 257, 6 S.Ct. 28, 29 L.Ed. 388; Shreveport v. Cole, 1889, 129 U.S. 36, 41, 9 S. Ct. 210, 32 L.Ed. 589; New Orleans v. Benjamin, 1894, 153 U.S. 411, 424, 14 S.Ct. 905, 38 L.Ed. 764; Bankers Casualty Co. v. Minn. St. P. &c Ry., 1904, 192 U.S. 371, 381, 385, 24 S.Ct. 325, 48 L.Ed. 484; Gully v. First Nat. Bank, 1936, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70.

16. As to the meaning of the phrase "Cases, in Law and Equity" as here used see 2 Story, Commentaries on the Constitution of the United States, 5th Ed., §§ 1645, 1657.

17. Garrett v. Moore-McCormack Co., 1942, 317 U.S. 239, 245-246, 63 S.Ct. 246, 87 L.Ed. 239.

18. Bradley v. Lightcap No. 3, 1904, 195 U.S. 25, 26, 49 L.Ed. 76. And see Skelly Oil Co. v. Phillips Co., 1950, 339 U.S. 667, 672, 70 S.Ct. 876.

■ For largely the same reasons it must be held that such a suit is not one arising under a treaty within the meaning of Section 1331. It is true that the Shipowners' Liability Convention of 1936 which became effective as to the United States and its citizens on October 24, 1936, 54 Stat. 1693, expressly imposes upon shipowners liability for medical care and maintenance of seamen who fall sick or are injured during their period of service. But even if we assume that the treaty was self executing, which may be doubtful, it is apparent from an examination of the terms of Articles 2, 3 and 4 that the liability which it imposed upon shipowners in respect of seamen was no greater than that which the maritime law as enforced in the United States had previously imposed upon American shipowners. The convention in this respect was merely declaratory of the existing American law of maintenance and cure.[19] Accordingly an ordinary suit for maintenance and cure, such as the one with which we are here concerned, does not in any sense involve a dispute or controversy as to the effect or construction of the treaty upon the determination of which the result depends.[20] So much is this so that the plaintiff in the case before us did not mention the Shipowners' Liability Convention as a basis for the claim for maintenance and cure. This may, of course, have been because the barge here involved was not in fact a registered ocean going barge within the meaning of Article 1 of the Convention. This we cannot decide, however, since the record does not disclose the facts upon which the determination depends. We mention the treaty only to indicate that we have given it consideration in reaching our conclusion.

The plaintiff, conceding that the district court might not have jurisdiction if the action had been brought for maintenance and

cure alone, strongly urges that since the court did have jurisdiction under Section 1331 to entertain her count under the Jones Act for damages for the defendants' negligence and since her count for maintenance and cure was joined with that count in the same civil action, the court had jurisdiction of the count for maintenance and cure also. As authority for this proposition she relies on Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148.

■ The damages claimed in the count under the Jones Act exceeded $3,000. The district court, therefore, had jurisdiction of that count under Section 1331 since it did involve the application of a law of the United States, the Jones Act.[21] It is the plaintiff's contention that under the doctrine of pendant jurisdiction laid down in Hurn v. Oursler this fact gave the district court jurisdiction of the count for maintenance and cure also. We, therefore, turn to consider the Hurn v. Oursler doctrine.

Hurn v. Oursler involved a suit for an injunction against the performance of a play and for damages and an accounting. The suit was based upon the grounds that the defendants' play infringed a copyrighted play of the plaintiffs and that its production involved unfair competition under the common law of the state. The district court clearly had original and exclusive jurisdiction of the suit under Sections 24, par. 7, and Z56, par. 5, of the Judicial Code of 1911,[22] insofar as it was based on infringement of the plaintiffs' copyright. If the suit had been based solely upon unfair competition as declared by the common law of the state, however, the district court would not have had jurisdiction of it in the absence of diversity of citizenship. The district court dismissed the suit upon the merits insofar as the complaint was based on copyright violation and for want of juris-

19. See Aguilar v. Standard Oil Co., 1943, 318 U.S. 724, 737, 63 S.Ct. 930, 87 L.Ed. 1107.

20. Crystal Springs Land &c., Co. v. City of Los Angeles, 1900, 177 U.S. 169, 20 S. Ct. 573, 44 L.Ed. 720; Devine v. Los Angeles, 1906, 202 U.S. 313, 333, 26 S.Ct. 652, 50 L.Ed. 1046.

21. Branic v. Wheeling Steel Corporation, 3 Cir., 1945, 152 F.2d 887, 890, certiorari denied 327 U.S. 801, 66 S.Ct. 902, 90 L. Ed. 1026.

22. 28 U.S.C., 1940 Ed., §§ 41(7), 371(5). Now incorporated in § 1338(a) of Title 28 United States Code.

diction insofar as it was based upon the allegations of unfair competition at common law.

The Supreme Court affirmed the decree as to the merits but held that the district court was wrong in concluding that it did not have jurisdiction of the suit insofar as it was based on unfair competition. The court reaffirmed the rule laid down in Siler v. Louisville & Nashville R. R. Co., 1909, 213 U.S. 175, 29 S.Ct. 451, 53 L.Ed. 753, that when a federal court has acquired jurisdiction of a cause of action by reason of federal questions involved it has the right to decide all the questions in the case, even though it decides the federal questions adversely to the party raising them or even if it omits to decide them at all but decides the case on the nonfederal questions only.

"But," said Justice Sutherland in Hurn v. Oursler, 289 U.S. at pages 245, 246, 53 S.Ct. at page 589, "the rule does not go so far as to permit a federal court to assume jurisdiction of a separate and distinct nonfederal cause of action because it is joined in the same complaint with a federal cause of action. The distinction to be observed is between a case where two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is federal in character. In the former, where the federal question averred is not plainly wanting in substance, the federal court, even though the federal ground be not established, may nevertheless retain and dispose of the case upon the nonfederal *ground*; in the latter it may not do so upon the nonfederal *cause of action*."

In Hurn v. Oursler the Supreme Court went on to point out that the case involved the violation of but a single right, the right of the plaintiffs to protection against infringement of their play, and that it war this violation which constituted the cause of action. The court accordingly held that the claims of infringement of copyright and of unfair competition were not separate causes of actions but merely different grounds asserted in the same cause of action.

In the case now before us the plaintiff's first count presented an instance of the appropriate application of the doctrine of Hurn v. Oursler. For the plaintiff alleged unseaworthiness as well as negligence under the Jones Act as bases for the claim for damages set out in that count. A single cause of action was thus supported on two distinct grounds,[23] one of which, that under the Jones Act, was based on a law of the United States. The court, therefore, had jurisdiction of the whole cause of action asserted in the first count under Section 1331, even though it was grounded in part on a right based on the ancient maritime law.[24] With respect to the two counts involved in the present case, however, we do not have a single cause of action based upon two grounds but rather two separate and independent causes of action joined as separate counts in the same complaint in a civil action. For the claim under the Jones Act for damages involved the right of the plaintiff's decedent to all the proximate damages resulting from his personal injuries caused by the alleged negligence of the defendants, including allowances for his decreased earning power and for his pain and suffering, while his claim for maintenance and cure involved only his right to board and lodging and to medical care. Then also the claim for damages under the Jones Act sounds in tort[25] while the claim

---

23. Baltimore S. S. Co. v. Phillips, 1927, 274 U.S. 316, 321, 47 S.Ct. 600, 71 L. Ed. 1069; McCarthy v. American Eastern Corporation, 3 Cir., 1949, 175 F.2d 724, certiorari denied 338 U.S. 868, 70 S.Ct. 144.

24. To this extent our statement in Branic v. Wheeling Steel Corporation, 3 Cir., 1945, 152 F.2d 887, 890, certiorari denied 327 U.S. 801, 66 S.Ct. 902, 90 L.Ed.

1026, that in these circumstances "jurisdiction of his cause of action insofar as it is based on unseaworthiness was acquired under the diversity clause of the Judicial Code" must be and is overruled.

25. Engel v. Davenport, 1926, 271 U.S. 33, 36, 46 S.Ct. 410, 70 L.Ed. 413; Pacific S. S. Co. v. Peterson, 1928, 278 U.S. 130, 138, 49 S.Ct. 75, 73 L.Ed. 220.

for maintenance and cure is quasi-contractual in character.[26] Finally it is settled that an action brought by a seaman for compensatory damages is not a bar to a subsequent action for maintenance and cure [27] and, although a seaman who has actually recovered his medical expenses and keep in an action under the Jones Act may not recover them again,[28] the recovery of maintenance and cure does not under the doctrine of res judicata bar a later action by the seaman for damages under the Jones Act.[29]

■ We conclude that claims for compensatory damages under the Jones Act and for maintenance and cure constitute two separate and distinct causes of action within the doctrine laid down in Hurn v. Oursler, only one of which, the claim under the Jones Act, is federal in character within the meaning of that doctrine. For the purposes of the application of that rule to the jurisdiction of a federal district court under Section 1331 a cause of action arising under the maritime law is to be regarded as nonfederal in character since, as we have already pointed out, it does not arise under the Constitution or laws of the United States within the meaning of that section. It follows that in the absence of diversity of citizenship the district court did not have jurisdiction to entertain the plaintiff's count for maintenance and cure in a civil action tried to a jury.

The plaintiff urges that this conclusion is inconsistent with the opinion of this court in Lindquist v. Dilkes, 3 Cir., 1942, 127 F.2d 21, 25. It must be conceded that this is so and to the extent that Lindquist v. Dilkes is inconsistent with our present decision it is overruled. Accordingly the judgment entered upon the jury's verdict must be reversed.

■ We think, however, that it would be quite unjust and unnecessary to direct the dismissal of the count for maintenance and cure since the district court unquestionably has jurisdiction of it upon its admiralty side. We shall accordingly direct its transfer to the admiralty docket. Moreover, we think that a new trial and the reintroduction of evidence is not necessary in view of the fact that the trial judge who heard the evidence at the trial in the court below has full power, sitting in admiralty, to make the findings of fact and conclusions of law necessary to dispose of the claim for maintenance and cure involved in the count. Accordingly upon the remand of the case and the transfer of the second count of the plaintiff's complaint to the admiralty docket the district judge who presided at the previous trial, if he deems it to be in the interest of justice to do so, may consider and decide the plaintiff's claim for maintenance and cure upon the evidence heretofore taken before him.

We think it appropriate to take note of the fact that in this circuit in the past civil actions for damages under the Jones Act and admiralty suits for maintenance and cure growing out of the same accident have frequently been tried by the district courts at the same time and upon the same evidence, the action for damages being submitted to the jury and the suit for maintenance and cure being decided by the trial judge as in admiralty. Evidence relevant only to the claim for maintenance and cure is, of course, taken by the trial judge in the absence of the jury. We see no objection to this practice and much to commend it.

The judgment of the district court will be reversed and the cause will be remanded with directions to proceed further therein in a manner not inconsistent with this opinion.

26. Pacific S. S. Co. v. Peterson, 1928, 278 U.S. 130, 138, 49 S.Ct. 75, 73 L.Ed. 220; Cortes v. Baltimore Insular Line, 1932, 287 U.S. 367, 371, 53 S.Ct. 173, 77 L.Ed. 368.

27. Smith v. Lykes Brothers-Ripley S. S. Co., 5 Cir., 1939, 105 F.2d 604, 606, certiorari denied 308 U.S. 604, 60 S.Ct. 141, 84 L.Ed. 505.

28. McCarthy v. American Eastern Corporation, 1949, 3 Cir., 175 F.2d 727, certiorari denied 338 U.S. 911, 70 S.Ct. 349.

29. The Rolph, 9 Cir., 1924, 299 F. 52, 55-56; Pacific S. S. Co. v. Peterson, 1928, 278 U.S. 130, 49 S.Ct. 75, 73 L.Ed. 220.