**WATLACK v. NORTH ATLANTIC & GULF S. S. CO., Inc.**

Civ. A. No. 9482.

United States District Court
E. D. Pennsylvania.

Sept. 11, 1952.

Stark & Goldstein, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Shaw, Philadelphia, Pa., for defendant.

CLARY, District Judge.

On March 16, 1949, Stanley Watlack, a seaman, instituted the present action under the Jones Act, 46 U.S.C.A. § 688. The first cause of action of plaintiff's complaint alleged negligence on the part of the defendant and unseaworthiness of the vessel, causing physical injuries to him in March of 1947, at a time when he was serving as an Oiler and Electrician aboard defendant's vessel, the Steamship "Shell Bar". The principal injury claimed was causation and/or aggravation of a skin condition. In a second cause of action in the same complaint, plaintiff made claim for maintenance and cure as a result of the injuries sustained alleging damages of $15,000 for maintenance and cure. The case came on for trial before the Court and a Jury on May 31, 1950 and was concluded on June 2, 1950. The case was submitted by the Court to the Jury on Interrogatories and a special verdict was rendered. In answers to certain interrogatories the Jury found that the vessel "Shell Bar" was seaworthy and the defendant North Atlantic and Gulf Steamship Co., Inc. was not negligent. Based on these findings the Court instructed the Clerk to enter a verdict on the first cause of action in favor of the defendant. In answer to other interrogatories the Jury determined that plaintiff was entitled to maintenance for 48 days only up to July 1, 1948, and no maintenance after July 1, 1948, on which date the rate of maintenance increased from $3.50 per day, theretofore in force, to $6 per day. Based on these findings the Court instructed the Clerk to enter a verdict in favor of the plaintiff against the defendant on the second cause of action in the sum of $168.

Timely motions for a new trial as to both causes of action were filed by the plaintiff. Argument on these motions was delayed by reason of intermediate proceedings by the plaintiff in this Court and the United States Court of Appeals for the Third Circuit in an attempt to obtain a free transcript of the testimony taken at trial. The motions for a new trial, after several continuances requested by plaintiff, appeared on the Argument List of September 8, 1952 and are presently before the Court for disposition.

The trial which consumed three days afforded plaintiff every opportunity to establish his cause of action. The main injury claimed by plaintiff was that the skin condition from which he suffered was caused by coming in contact with oil on the vessel "Shell Bar". He testified that during a voyage from Philadelphia to Havana one of the oil pumps broke and it was necessary at intervals to wipe up the oil from the deck of the engine room. He admitted that this was part of his duty but asserted that the amount of oil was unusual. There was also testimony that the condition which happened in transit was repaired at the earliest opportunity when the vessel reached Port. Although plaintiff testified that he never suffered the skin condition before, there is positive testimony on the part of the physician who treated him in Havana and the Chief Mate of the "Shell Bar" that plaintiff himself stated that the skin condition which he claimed was caused on the "Shell Bar" actually predated his employment on the "Shell Bar". There was further testimony that after November of 1947 he shipped out on vessels of other lines after being pronounced fit for duty and the same condition recurred in his work on these other vessels.

The Jury was instructed in a Charge, to which no exception was taken, that it was to determine whether the ship was unseaworthy or whether the defendant was negligent and, if either condition existed, plaintiff was entitled to recover damages for such injuries as were proximately caused by unseaworthiness of the vessel or by negligence of the defendant. The Jury having found in favor of the defendant on these aspects of the case, the Court does not feel disposed to interfere with its findings. Consequently, the motion for a new trial as to the first cause of action will be dismissed.

As an additional reason in his motion for a new trial as to the second cause of action, plaintiff now raises the question of the

164

jurisdiction of this Court to try that action on the civil side. He cites the case of Jordine v. Walling, 3 Cir., 185 F.2d 662, wherein Judge Maris of the United States Court of Appeals for the Third Circuit held that a district court of the United States does not acquire jurisdiction of a seaman's civil action for maintenance and cure simply because the complaint originally included a count for damage under the Jones Act, 46 U.S.C.A. § 688, supra. That case held that unless there was diversity of citizenship between the parties and the matter in controversy exceeded the sum or value of $3,000 exclusive of interest and costs, there was not present the necessary jurisdictional requirements in a civil action for maintenance and cure.

 An examination of the record in this case shows that the requisite diversity of citizenship exists in that the plaintiff is a resident of the Commonwealth of Pennsylvania and the defendant is a corporation of the State of New York. Plaintiff at the trial contended and in his brief still contends that he is entitled to maintenance from the time he left the Marine Hospital in Savannah, Georgia, on October 8, 1947, after being hospitalized for the skin condition from which he suffered on the "Shell Bar", to the time of trial, a total of 615 days. This computation allows credit for plaintiff's days of hospitalization and service on other vessels, a total of 354 days. If maintenance for the claimed days is computed at $3.50 per day to July 1, 1948, calculation shows that the utmost he could recover up to July 1, 1948 would be 110 days, or a total of $385. After July 1, 1948 and up to June 2, 1950, according to plaintiff's calculation, he would be entitled to maintenance for 505 days at the rate of $6.00 per day, or a total of $3,030, an overall total of $3,415. This Court had undoubted jurisdiction of the first cause of action. As to the second cause, it appears that the amount in controversy at the time of trial exceeded $3,000. The second requirement, therefore, has been met. Thus the Court had jurisdiction of the second cause of action on its civil side, in consonance with the principles of law laid down by the United States

Court of Appeals in the Jordine case supra, Title 28 U.S.C., § 1332.

As in the first cause of action, the Jury was fully instructed as to the law applicable to the second cause of action. The credibility of the plaintiff in his testimony as to the onset of the skin condition was left to the Jury, as the trier of the facts. The Jury could well have found from the evidence that plaintiff had a recurrent skin condition; that it appeared from time to time; that it predated his employment on the "Shell Bar"; and that he had attained maximum recovery for any condition which arose on the "Shell Bar" at the time he returned to work on other vessels.

Since such findings are in accord with the testimony in this case, viewing it as I must in the light most favorable to the defendant, I do not feel warranted in substituting my judgment for the findings of the Jury. Consequently, the motion for a new trial on the second cause of action will likewise be dismissed.