**Ernest E. WALKER, Plaintiff,**

v.

**DRAVO CORPORATION, a Corporation, Defendant.**

**Civ. A. No. 62–553.**

United States District Court
W. D. Pennsylvania.

Nov. 2, 1962.

S. Eldridge Sampliner, Cleveland, Ohio, Harry Alan Sherman, Pittsburgh, Pa., for plaintiff.

Pringle, Bredin & Martin, Pittsburgh, Pa., for defendant.

DUMBAULD, District Judge.

The complaint in this case describes itself as a "cause of action both civil and maritime". It was given Civil No. 62–553 by the Clerk's stamp, but "Civil Action No." was typed in by counsel's office.

In the body it invokes "the maritime doctrine of unseaworthiness". It also demands a jury trial.

The complaint was filed on July 20, 1962. On August 14, 1962, no appearance having been entered or answer filed, plaintiff issued praecipe to the Clerk for

a default. The praecipe is marked "Default entered 8/15/62".

This action was by the Clerk. No order signed by a judge was entered. Attached to counsel's "motion for judgment under Rule 55" filed on August 14, 1962, there was such an order, but it is cancelled in the file and unsigned.

On September 4, 1962, defendant filed a motion to dismiss for lack of jurisdiction.

At argument counsel agreed that the case at bar is governed by Romero v. Int. Terminal Co., 358 U.S. 354, 380, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959); Jordine v. Walling, 185 F.2d 662 (C.A. 3, 1950); Wounick v. Pgh. Consol. Coal Co., 283 F.2d 325 (C.A. 3, 1960); to which may be added Yates v. Dann, 223 F.2d 64 (C.A. 3, 1955). Counsel differed widely, however, as to the interpretation and application of those cases.

■ To us it appears from the complaint that it is a civil action on the law side of the court, and not on the admiralty side. This characterization was not an improvident clerical classification by the Clerk's office. It was the deliberate choice of counsel and appears from the tenor and terms of the pleading itself. Demand for jury trial shows that a civil action was intended; likewise the motion referring to Rule 55, F.R.Civ.P.

This being so, the Court is without jurisdiction under the admiralty provision of 28 U.S.C. § 1333.

■ The precise point decided in Romero was that there is no jurisdiction of such a case on the law side of the Court under the "federal question" provision of 28 U.S.C. § 1331. Judge Maris in Jordine taught the same truth nine years earlier. 185 F.2d at 668.

If there is jurisdiction it must be under the "diversity" provision of 28 U.S.C. § 1332; but no diversity was pleaded.

There is no "pendent" jurisdiction in this case. Only unseaworthiness is pleaded. There is no cause of action under the Jones Act. Hence what was said by Judge Maris in Jordine (185 F.2d at 670) does not help plaintiff. [Note that the "pendent" rule does not apply to maintenance and cure.]

Wounick holds that if suit is brought under the Jones Act and "unseaworthiness", dismissal of the Jones Act cause of action does not deprive plaintiff of the right to continue the pendent unseaworthiness aspect on the admiralty side. 283 F.2d at 327, footnote 4, shows that in the case at bar "there was no jurisdiction on the civil side of the court."

■ In the case at bar there never was anything pendent, hence there is nothing to transfer to the admiralty side. There has never been anything pending in this Court except a "civil action", a proceeding designed to assert as a common law remedy saved to suitors such remedy as the common law is competent to give for a cause founded on the admiralty doctrine of unseaworthiness. Such remedy, in a federal court, can be given only where diversity of citizenship is pleaded.

■ Yates (223 F.2d at 67) holds that a plaintiff need not choose between negligence and unseaworthiness [for Jordine had held they could be alternative grounds to support the same cause of action, and so pendent] but must elect between a civil action and a suit in admiralty.

■ "Civil action" under F.R.C.P. is the designation for the common law remedy saved to suitors when the common law is competent to give it. See 185 F.2d at 666. This common law right can be asserted either in a State or a federal court, under appropriate circumstances. In the case of a federal court, however, there is no common law remedy available to enforce the maritime cause of action except where diversity jurisdiction exists.

■■ Therefore the Court is without jurisdiction in the case at bar. Defendant's motion to dismiss is clearly timely, since no default judgment has been entered. The comment on p. 31 regarding local admiralty rule 22 (See also p. 18 as to rule 11) shows that default judgment can be entered only by a judge, and not by the Clerk.

## ORDER

AND NOW, this 2nd day of November, 1962, after argument, for the foregoing reasons, IT IS ORDERED that defendant's motion to dismiss be and the same hereby is granted, and that the cause be and the same hereby is dismissed, for want of jurisdiction.