Nicholas KOVACS

v.

A. Allan GOODMAN et al.

Civ. A. No. 74–1706.

United States District Court,
E. D. Pennsylvania.

Oct. 31, 1974.

Robert J. Zinn, William P. Cole, Philadelphia, Pa., for plaintiff.

Charles Polis, Philadelphia, Pa., for defendants.

## OPINION

JOSEPH S. LORD, III, Chief Judge.

On July 5, 1974, plaintiff Kovacs filed this action against defendants Goodman, Philip Polis and Charles Polis. The complaint charged that the defendants had committed certain wrongful acts which deprived the plaintiff, without due process of law, of his liberty and property. Two causes of action were alleged: one arising under 42 U.S.C. § 1983, the other a pendent cause for abuse of process under Pennsylvania state law. The parties agreed to a stipulation extending the time of the defendants to "answer, plead or otherwise move for thirty days after July 30, 1974." On August 29, 1974, the defendants filed interrogatories and a motion to enlarge their time to answer or otherwise plead. No notice of the motion to enlarge was given plaintiff as required by local rule 36.

On August 30, 1974, plaintiff directed the clerk to enter a default against defendants, according to rule 55(a) of the Federal Rules of Civil Procedure. Subsequently, plaintiff filed a motion for entry of default judgment, according to rule 55(b)(2). Defendants filed a motion to set aside the entry of default, under rule 55(c), and a motion to dismiss. All these motions are ripe for decision.

In their motion to dismiss the complaint, defendants argue that we lack subject matter jurisdiction of this action. We agree, and consequently we shall grant the motions to set aside the default and to dismiss the complaint. *See* Walker v. Dravo Corp., 210 F.Supp. 386 (W.D.Pa.1962).

Plaintiff asserts that his claim arises under 42 U.S.C. § 1983 which states:

"Every person who, under color of any statute, ordinance, regulation, custom,

or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured * * * ."

The key issue is whether the defendants can be said to have acted "under color of" state law since it is established that § 1983 redresses only injury caused by official action and not by private individuals. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

■ The defendants in this case are all private attorneys engaged in the practice of law. The acts alleged to give rise to this suit were performed in connection with defendants' representation of a private client in state court litigation. It is settled that "lawyers who participate in the trial of private state court litigation are not state functionaries acting under color of state law," Skolnick v. Martin, 317 F.2d 855, 857 (C.A. 7, 1963); that "in private litigation, the state merely furnishes the forum and has no interest one way or the other in the outcome", Bottone v. Lindsley, 170 F.2d 705, 706 (C.A. 10, 1948); and that although a private attorney is an "officer of the court", he is not an official of any state, Steward v. Meeker, 459 F.2d 669 (C.A. 3, 1972).[1]

Plaintiff cites Johnson v. Crumlish, 224 F.Supp. 22 (E.D.Pa.1963), for the proposition that a private attorney may be liable under § 1983, but that case is inapposite. In Johnson, the attorney was alleged to have conspired with state officers to violate the plaintiff's constitutional rights. Judge Wood properly concluded that "individuals who allegedly joined or cooperated with state officers who acted under color of state law, are subject to liability under the Civil Rights Act." *Id.* at 25. There is no allegation in the complaint in this case that defendants have conspired with any state officers to deprive plaintiff of his constitutional rights.

Nor can plaintiff establish that defendants acted under color of state law because their actions were knowingly taken pursuant to a state statute. Hill v. Toll, 320 F.Supp. 185 (E.D.Pa.1970). There is no Pennsylvania statute which mandated, encouraged or authorized defendants' actions.

■ Thus, we conclude that since defendants did not act under color of state law, the first cause of action must be dismissed. In addition, the second cause of action, the pendent state claim for abuse of process, must also be dismissed. Where the federal claim is dismissed before trial, pendent state claims should be dismissed as well. United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Therefore, defendants' motion to dismiss the complaint will be granted.

1. Every court which has considered the question has held that a private attorney does not act under color of state law. Six different Courts of Appeals have ruled adversely to plaintiff on this point: Steward v. Meeker, 459 F.2d 669 (C.A. 3, 1972); Hill v. McClellan, 490 F.2d 859 (C.A. 5, 1974); Cooper v. Wilson, 309 F.2d 153 (C.A. 6, 1962); Jones v. Jones, 410 F.2d 365 (C.A. 7, 1969), cert. denied 396 U.S. 1013, 90 S.Ct. 547, 24 L.Ed.2d 505 (1970); Haldane v. Chagnon, 345 F.2d 601 (C.A. 9, 1965); and Bottone v. Lindsley, 170 F.2d 705 (C.A. 10, 1948). *See also* Hamilton v. Jamieson, 355 F.Supp. 290 (E.D.Pa.1973); Peake v. County of Philadelphia, 280 F.Supp. 853 (E.D. Pa.1968).