Carl NORTON, Jr.

v.

Thomas McKEON, Joseph F. O'Neill, Frank L. Rizzo and City of Philadelphia.

Civ. A. No. 77–2622.

United States District Court, E. D. Pennsylvania.

Dec. 28, 1977.

Neal Cohen, Philadelphia, Pa., for plaintiff.

Sheldon L. Albert, City Sol., Drew D'Angelo, Asst. City Sol., Philadelphia, Pa., for defendants.

## OPINION

JOSEPH S. LORD, III, Chief Judge.

This is a civil rights action against the City of Philadelphia ("City"), a police offi-

cer and supervisory officials alleging the violation of plaintiff's constitutional rights. Defendants' motion to dismiss the complaint asserts: (1) lack of jurisdiction over the individual defendants; (2) lack of jurisdiction over the City of Philadelphia; (3) failure to state a claim upon which relief can be granted; and (4) the inappropriateness of pendent jurisdiction over state law claims.

## I. JURISDICTION OVER INDIVIDUAL DEFENDANTS.

Plaintiff alleges that on July 30, 1976, he observed McKeon, a Philadelphia police officer, beating a young man on a downtown Philadelphia street. Plaintiff claims that when he asked McKeon what the young man had done, McKeon struck the plaintiff with a blunt instrument, rendering him unconscious, and that McKeon later transported plaintiff to a police station where he beat him further and detained him unlawfully. Plaintiff alleges that Mayor Frank L. Rizzo and Police Commissioner Joseph F. O'Neill failed to enforce state laws and police department regulations concerning officers' use of force, were negligent in failing adequately to train, supervise and discipline police officers and are vicariously liable for the acts of McKeon. Plaintiff brings his action under 42 U.S.C. §§ 1983, 1985(2)–(3), 1986 and 1988 and the first, fourth, fifth, eighth and fourteenth amendments of the United States Constitution and under state tort law.

Defendants McKeon, O'Neill and Rizzo contend that this court lacks subject matter jurisdiction as to claims against them under federal statutory and constitutional provisions because they are sued in their individual capacities. Government officials who are sued in their individual capacities are fully liable under these statutes so long as their liability is based on acts done under color of state law. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Kovacs v. Goodman*, 383 F.Supp. 507 (E.D. Pa.1974). Since plaintiff has alleged that each of the individual defendants was act-

ing under color of state law at the time he violated the federal statutes and Constitution, I will deny defendants' motion as to lack of jurisdiction over the individual defendants.

## II. JURISDICTION OVER THE CITY.

It is settled that municipalities are not "persons" within the definition of the Civil Rights Act and hence cannot be sued under those statutes. *City of Kenosha v. Bruno*, 412 U.S. 507, 513, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Monroe v. Pape, supra* at 191–2, 81 S.Ct. 473. Plaintiff has also alleged, however, that the City is liable for violation of his fourteenth amendment rights, with jurisdiction based on 28 U.S.C. § 1331. While there is a division of opinion within this district concerning jurisdiction against a municipality based upon an implied cause of action under the fourteenth amendment, I have held consistently that such a cause of action exists. *Santiago v. City of Philadelphia*, 435 F.Supp. 136 (E.D. Pa.1977); *Maybanks v. Ingraham*, 378 F.Supp. 913 (E.D.Pa.1974). I reaffirm my conclusion in *Santiago* that liability can lie against the City under the doctrine of *respondeat superior* in an action under the fourteenth amendment.

## III. FAILURE TO STATE A CLAIM.

Plaintiff bases the liability of O'Neill, Rizzo and the City on two theories, *respondeat superior* and inadequate training and supervision. While we have concluded that the City can be liable under *respondeat superior*, the conclusion as to O'Neill and Rizzo is different because as between them and McKeon there is no relationship of master and servant. They are merely fellow employees of the same employer, the City, and *respondeat superior* does not apply in such a situation. *Santiago v. City of Philadelphia*, 435 F.Supp. at 148.

Defendants O'Neill and Rizzo contend also that inadequacy in training and/or supervision does not state a cause of action for violation of § 1983 because plaintiff's theory is one of simple negligence, and neg-

ligence is insufficient for liability where a constitutional deprivation is alleged.

■ As I noted in *Santiago*, the boundaries of § 1983 liability are defined by analogy to tort law. *See Monroe v. Pape*, 365 U.S. 167, 187, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). That body of law sets forth four general requirements for primary liability: (1) the existence of a duty owed by defendant to plaintiff, (2) the breach by defendant of that duty, (3) injury to the plaintiff and (4) proximate causation of plaintiff's injury by defendant's breach.

■ With regard to the first requirement, I find that defendants O'Neill and Rizzo owed a duty to the public and hence to plaintiff to provide for the training and supervision of Philadelphia Police Officers, including McKeon. I need not at this time delineate the scope of that duty with any particularity. The complaint avers that O'Neill and Rizzo knowingly failed to enforce Pennsylvania laws and Philadelphia Police Department regulations, which inaction created within the department an atmosphere of lawlessness, and that O'Neill and Rizzo in executing their official duties failed to act with that degree of care which reasonable persons would exercise. I hold that the duty of care these public officials owed to the plaintiff included responding in some positive way to known patterns of illegal activity by the police department and exercising reasonable care in supervision and training (or in providing for the supervision and training) of police officers.

■ With regard to the element of breach of duty, I am well aware that there is authority within this district for the proposition that liability under § 1983 can not be imposed on the basis of negligent conduct. In *Schweiker v. Gordon*, 442 F.Supp. 1134, No. 77–2706 (E.D.Pa. Dec. 19, 1977), for example, Judge Luongo granted O'Neill's motion to dismiss under circumstances analogous to those of this case on the ground that allegations of "mere negligence" were insufficient to support civil rights claims. *Id.* at 1138. I respectfully disagree and reaffirm my holding in *Santiago* that negligence is sufficient to support a claim under § 1983 and that no showing of intent is necessary, so long as the constitutional provision alleged to have been violated does not require specifically some greater degree of culpability. 435 F.Supp. at 150. The due process clause of the fourteenth amendment, which I consider to be at the heart of plaintiff's claim in this case, is not such a constitutional provision, and hence negligence can be a sufficient basis for liability. *Compare Navarette v. Enomoto*, 536 F.2d 277, 281–82 (9th Cir. 1976), *rev'd on other grounds sub nom. Procunier v. Navarette*, —— U.S. ——, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978) (holding negligence sufficient to state a § 1983 cause of action for the violation of the "fundamental and reasonably well defined" rights protected by the first amendment) *with Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (requiring deliberate behavior to establish a deprivation of the eighth amendment proscription against cruel and unusual punishment cognizable under § 1983). The complaint avers explicitly O'Neill's and Rizzo's negligence in supervision and training.

The complaint also alleges directly the third requisite emerging from the tort analogy, injury to plaintiff.

It is the final element, causation, which imposes the most important limitations on negligence-based § 1983 liability, as I observed in *Santiago*, 435 F.Supp. at 151. That case laid down general guidelines as to what acts by supervisors bear causal relationships to constitutional violations by their subordinates sufficient to give rise to § 1983 liability. It was my conclusion that even a "less direct" supervisor can be liable for injuries inflicted directly by the unconstitutional actions of his subordinates on the basis of constructive knowledge and acquiescence in the alleged constitutional deprivation. I decided further that proof of the existence of general policies and practices within the supervisor's department or governmental entity, the implementation of which is alleged to have caused a § 1983 violation, is sufficient to establish constructive knowledge, and that proof of the acceptance or support of such policies by the

supervisor makes out the required acquiescence. *Id.* at 152.

■ In applying this analysis of § 1983 causation to plaintiff's claims against O'Neill and Rizzo, I conclude that plaintiff has stated a claim upon which relief can be granted. The complaint avers that O'Neill and Rizzo "repeatedly and knowingly failed to enforce" state laws and police department regulations "pertaining to the use of force and excessive force by Philadelphia Police Officers, thereby creating within the Philadelphia Police Department an atmosphere of lawlessness in which police officers employ excessive and illegal force and violence." I believe this averment amounts to allegations both of the existence of general policies and practices within the Philadelphia Police Department which led to the violation of plaintiff's constitutional rights and of acceptance or support of these policies by O'Neill and Rizzo. By the criteria announced in *Santiago*, these allegations are sufficient to state a cause of action against supervisory officials under § 1983. Plaintiff's allegation that McKeon's acts implemented the policies endorsed by O'Neill and Rizzo constitutes a sufficient causal link between the alleged negligence in training and supervision and plaintiff's injury. Consequently, I will deny the motion to dismiss the federal claims against O'Neill and Rizzo.

## IV. PENDENT JURISDICTION.

■ Because I do not dismiss the complaint as to the federal claims against any defendant, the problems raised by "pendent-party jurisdiction", *i. e.*, jurisdiction over claims against parties not otherwise joined, are not present. *See Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). I have the power to hear the state law claims as well as the federal claims against the defendants which arise "from a common nucleus of operative fact" so that they may be tried conveniently and economically in one forum. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Finding that all the claims asserted by plaintiff

arise from the same fact pattern, and seeing no reason why I should not exercise my power to hear the whole case, I will deny the motion to dismiss the state law claims with respect to all defendants.