### CENTRAL TRUST CO. OF NEW YORK *v.* ST. LOUIS, A. & T. RY. CO.

*(Circuit Court, E. D. Arkansas.    October 30, 1889.)*

RECEIVERS—ACTIONS AGAINST—SERVICE OF PROCESS.
   Act Cong. March 3, 1887, §§ 2. 3, (24 U. S. St. 554,) provide that receivers in pos-
   session of property shall manage it according to the laws of the state where it is
   situated, and may be sued without leave of the court by whom they were appointed.
   In Arkansas service of process on the clerk or station agent of a railroad company
   is good service on the company.   *Held* that, where receivers of a railroad running
   through Arkansas, who were appointed in that state, had removed into another
   state, the court would authorize them to be sued in the state courts of Arkansas by
   service on their station agents or clerks therein.

In Equity.    Application to establish validity of service in suits against
receivers.

The defendant company own and operated a railroad, beginning in
Missouri, and running across the state of Arkansas into Texas.    On a
bill for foreclosure, filed by the trustees of the mortgage bondholders in
the eastern district of Missouri, a receiver was appointed, and upon a
like bill filed in this district the same person was appointed receiver in
this district, and afterwards a second receiver was appointed to act jointly
with the first.    The receivers established their office in St. Louis, Mo.
Complaint was made to the court in Arkansas that persons having claims
against the receivers which they refused to allow were prevented from es-
tablishing the justice of their claims by suit in the state courts, because
personal service of the summons could not be had on the receivers, and
the validity of service on their station agents was disputed.

CALDWELL, J., *(after stating the facts as above.)*    A recent act of con-
gress contains these provisions:

   "Sec. 2. That whenever, in any cause pending in any court of the United
States, there shall be a receiver or manager in possession of any property,
such receiver or manager shall manage and operate such property according

to the requirements of the valid laws of the state in which such property shall be situated, in the same manner the owner or possessor thereof would be bound to do if in possession thereof. Any receiver or manager who shall willfully violate the provisions of this section shall be deemed guilty of a misdemeanor, and shall, on conviction thereof, be punished by a fine not exceeding $3,000, or by imprisonment not exceeding one year, or by both such punishments, in the discretion of the court.

"Sec. 3. That every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such receiver or manager was appointed, so far as the same shall be necessary to the ends of justice." Sections 2, 3, Act March 3, 1887, (24 U. S. St. 554.)

These sections were re-enacted in act of August 13, 1888, (25 U. S. St. 436.) This act was intended to correct abuses that had grown up under the old practice, some of which were pointed out before the passage of the act, in the opinion of this court in *Dow* v. *Railroad Co.*, 20 Fed. Rep. 267. The act abrogates the old rule on the subject of suing receivers. It is no longer unlawful to sue a receiver appointed by a United States court without leave of the court appointing the receiver. The court now has no discretion to say when its receiver may be sued. The act gives the right, without condition or qualification. It is a right not to be nullified, evaded, or abridged. No conditions can be imposed on its exercise. The court must give effect to the act. It has no discretion to do anything else. "Rights under our system of law and procedure do not vest in the discretionary authority of any officer, judicial or otherwise." *Ex parte Parker*, 131 U. S. 221, 9 Sup. Ct. Rep. 708. The road the receivers are operating under the authority of this court runs clear across the state, a distance of 300 miles; but the receivers have established their office in St. Louis, Mo., where they remain, and when sued cannot be found and personally served with process in this state. The right to sue the receivers necessarily carries with it the right to serve the required process to make the suit effectual. This is implied in the act. What is implied in an act is as much a part of it as what is expressed. Process need not be served on the railroad receivers personally. It would be impracticable to do so in many cases. It is impracticable in this case. The receivers, like the railroad company, can operate the road only through their agents, who must always be within the jurisdiction of the courts of the state in which the road is operated. For a court to permit its receivers to remain beyond the jurisdiction of the state courts, and refuse to give effect to service on their agents in the state, would effectually preclude the citizen from suing them in the state courts, and would be a complete nullification of the act of congress.

It has long been the rule in this district that receivers of railroads appointed by this court might be sued without the special leave of the court, and that service of the summons on his station agents should be good service on the receiver. This practice is now in harmony with the act of congress and the statutes of this state. In this state service on the

"clerk or agent of any station" of a railroad company is good service on the company. The receivers take the place of the railroad company in the operation of the road. The act of congress requires them to operate the road comformably to the laws of the state, and as the railroad company was bound to operate it. The station agents become the receivers' agents, and service on them ought to be good service on the receivers; and under the act of congress and the statutes of this state, it probably is; but to remove any doubt the court will pass the following order:

"*The Central Trust Company, New York*, vs. *The St. Louis, Arkansas & Texas Railway Company, in Arkansas and Missouri.*

' "It appearing to the court that S. W. Fordyce and A. H. Swanson, the receivers in this cause, have established their office, and have their official domicile as such receivers, in St. Louis, Mo., and that they cannot be personally served with process issued against them by the courts in this state, because they are not found in the state, it is therefore ordered that the service of a copy of any summons or writ, heretofore or hereafter issued against said receivers in this state, upon the clerk or station agent of said receivers at any station or depot of said railroad in the county where the same was or may be issued, shall be deemed and considered as a good and valid service of such summons or writ on said receivers."

The receivers are instructed, and desire, to settle all valid claims against them without suit.

It is proper to add that, when the receivers or their agents have settled and allowed a claim, it will be paid in due course of administration, and a suit and judgment on such claim will not hasten its payment.