## H. ROUW CO. v. CRIVELLA.
### No. 11436.

Circuit Court of Appeals, Eighth Circuit.
July 20, 1939.

Rehearing Denied Sept. 5, 1939.

Howell & Howell, of Van Buren, Ark., for appellant.

Harry P. Daily, John P. Woods, and J. S. Daily, all of Fort Smith, Ark., for appellee.

Before GARDNER and THOMAS, Circuit Judges, and WYMAN, District Judge.

THOMAS, Circuit Judge.

This is an appeal from a judgment of the district court dismissing for want of jurisdiction an appeal from a reparation award of the Secretary of Agriculture made pursuant to the provisions of the Perishable Agricultural Commodities Act 1930, 7 U.S.C.A. § 499a et seq., Act of June 10, 1930, c. 436, § 18, 46 Stat. 538, 7 U.S.C.A. § 499r.

In his complaint before the Secretary Crivella claimed damages for less than $500. The Secretary, without a hearing, pursuant to the provisions of subsection (c) of section 499f of Title 7 U.S.C.A. (section 6 of the Act of June 10, 1930), awarded damages in the amount of $487.40. The order of the Secretary was entered August 11, 1938. On September 10, 1938, the appellant appealed to the United States District Court for the Western District of Arkansas in which the Rouw Company is located. Upon motion of Crivella the court dismissed the appeal on the ground that it was without jurisdiction. The only question for decision in this court is whether the district court erred in dismissing the appeal from the award of the Secretary.

We are concerned only with the jurisdiction of the court on appeal in cases in which the Secretary's award against the appellant is for an amount less than $500. The original Act of June 10, 1930, did not provide for an appeal in any case. The Amendment of April 13, 1934, c. 120, §§ 8–10, 48 Stat. 586, 587, provided for appeals to the district court in the district in which the hearing was held in cases where the amount claimed was more than $500, but no provision was made for appeal in cases involving less than $500. Under the Act the right to appeal was limited to the cases in which there was a right to a hearing. Where the amount claimed exceeded $500 the respondent was entitled to a hearing before an examiner of the Secretary and to an appeal from the award. Subsection (c) of section 6 of the Act (section 499f (c), Title 7 U.S.C.A.) provided "That in complaints wherein the amount claimed as damages does not exceed the sum of $500 a hearing need not be held. * * *"

By Act of Congress approved June 19, 1936, c. 602, § 3, 49 Stat. 1533, 1534, the Act of June 10, 1930, was further amended as follows:

"Sec. 3. That paragraph (c) of section 7 of the Perishable Agricultural Commodities Act, 1930, as amended, is hereby amended to read as follows:

"'(c) Either party adversely affected by the entry of a reparation order by the Secretary may, within thirty days from and after the date of such order, appeal therefrom to the District Court of the United States for the district in which said hearing was held: Provided, That in cases handled without a hearing in accordance with paragraphs (c) and (d) of section 6 or in which a hearing has been waived by agreement of the parties, appeal shall be to the District Court of the United States for the district in which the party complained against is located.'"

Section 7 of the Act was again amended August 20, 1937, c. 719, § 10, 50 Stat. 725, 728. The amendment provided "That section 7 of the Perishable Agricultural Commodities Act, 1930, as amended, is hereby amended to read as follows:

* * * (c) * * *." Subsection (c) relating to appeals is the same as subsection (c) in the Act of June 19, 1936, except that the proviso is omitted. 7 U.S.C.A. § 499g(c).

The appeal to the district court was taken after the approval of the amendment of August 20, 1937. In this situation appellant concedes that the court would be without jurisdiction except for two reasons, as follows: (1) the appeal is authorized by a regulation of the Secretary and (2) the proviso authorizing appeals in cases handled without a hearing found in section 3 of the amendment of June 19, 1936, was not repealed by the amendment of August 20, 1937, but is still in effect.

The original Act of June 10, 1930, authorized the Secretary to make "such rules, regulations, and orders as may be necessary to carry out the provisions of this chapter." Section 15, 7 U.S.C.A. § 499*o*. On August 4, 1934, the Secretary promulgated the following rule: "If either party appeals from a reparation order entered by the secretary without formal hearing as provided in subdivision D of Section 6 of the act, the suit shall be filed in the District Court of the United States for the district in which the respondent is located."

▇▇▇ The Secretary was authorized only to make rules "necessary to carry out the provisions" of the law. He had no authority under the powers delegated to enact "provisions" not in the statute. When an act uses ambiguous terms, or is of doubtful construction, a clarifying regulation or one indicating the method of its application to specific cases is valid. So, also, a regulation is valid in cases where the statute expresses only a general rule and gives the Secretary authority to make rules appropriate to its enforcement. But when as in this case the language of the Act is not ambiguous and provision for appeal is specifically declared the Secretary is without power by regulation to add a provision allowing appeals in cases not provided for in the statute. Koshland v. Helvering, 298 U.S. 441, 446, 56 S.Ct. 767, 80 L.Ed. 1268, 105 A.L.R. 756; Manhattan General Equipment Co. v. Commissioner, 297 U.S. 129, 134, 56 S.Ct. 397, 80 L.Ed. 528. The regulation relied upon does not confer jurisdiction upon the district court to hear the appeal. In attempting to do so it is inconsistent with the statute. The statute cannot be amended under the guise of a regulation.

▇▇▇ Neither is the contention tenable that jurisdiction. is derived from the proviso in the amendment of June 19, 1936. That provision was repealed by the amendment of August 20, 1937. It is argued by appellant that in the construction of legislation of this nature it is necessary to consider all the legislation on the point and construe it together in order to determine the intent of Congress; and that so construed the proviso is not repealed by subsequent legislation. Counsel rely upon United States v. State of Arizona, 295 U.S. 174, 191, 55 S.Ct. 666, 79 L.Ed. 1371, and Posadas v. National City Bank, 296 U.S. 497, 56 S.Ct. 349, 80 L.Ed. 351. These cases lay down the well settled rule that repeals by implication are not favored. It is pointed out, however, in the Posadas case, 296 U.S. at page 503, 56 S.Ct. at page 352, 80 L.Ed. 351, that if the later act is clearly intended as a substitute it operates to repeal the earlier act. It is too apparent for argument in the instant case that Congress meant the act of August 20, 1937, to be a substitute for the act of June 19, 1936. The amendment provides that "paragraph (c) of section 7 * * * is hereby amended to read as follows". The subsection is entirely rewritten with changes only in a few particulars. On June 23, 1938, section 7 was again amended by Congress, but the proviso of June 19, 1936, was not reenacted. 52 Stat. 953. It seems clear that Congress intended the statute "to read" as amended, and not as it had been written before the amendment. This view is in accord with the settled rules. of construction of statutes and of the decisions of the Supreme Court of the United States. There is a distinction to be noted between an amendment which adds or strikes out particular provisions and one reenacting it in substantially all its provisions. Murphy v. Utter, 186 U.S. 95, 106, 22 S.Ct. 776, 46 L.Ed. 1070. In case the later act covers the whole subject covered by the first and embraces new matter it will operate as a repeal of the first. United States v. Tynen, 11 Wall. 88, 92, 78 U.S. 88, 20 L.Ed. 153. Section 7(c) of the Act of June 19, 1936, covers the whole subject of appeals from the awards of the Secretary; and the corresponding section of the Act of August 20, 1937, covers the same subject, showing

plainly that it was intended as a substitute. When the object of the two statutes is the same and the whole subject is covered in both the latter repeals the former by implication, and it is not necessary that the second should contain a provision expressly repealing the former. United States v. Mullendore, 8 Cir., 35 F.2d 78, 82. Our conclusion is supported by many apt authorities. See United States v. Healey, 160 U.S. 136, 147, 16 S.Ct. 247, 40 L.Ed. 369; Kent v. United States, 8 Cir., 73 F. 680, 681; United States v. Kelly, 9 Cir., 97 F. 460; Columbia Wire Co. v. Boyce, 7 Cir., 104 F. 172; Rowan v. Ide, 5 Cir., 107 F. 161, certiorari denied, 181 U.S. 619, 21 S.Ct. 924, 45 L.Ed. 1031; Continental Ins. Co. v. Simpson, 4 Cir., 8 F.2d 439.

█ Since Congress has not specifically granted to the federal courts power to try and determine appeals from the orders of the Secretary of Agriculture made pursuant to the provisions of the Agricultural Commodities Act 1930, in cases where the amount of the award is less than $500 the district court did not err in entering judgment dismissing the appeal. Cf. Gillis v. California, 293 U.S. 62, 55 S.Ct. 4, 79 L.Ed. 199; Lewis Publishing Co. v. Wyman, C. C., 152 F. 200, 202.

Affirmed.