**ROBERTSON MOTOR FREIGHT, INC., Plaintiff,**

v.

**BRADY MOTORFRATE, INC. (PA.), formerly known as Schreiber Trucking Co., Inc. and Brady Motorfrate, Inc., Defendants.**

**Civ. A. No. 68–522.**

United States District Court
W. D. Pennsylvania.

Aug. 13, 1968.

Delisi, Wick & Vuono, Pittsburgh, Pa., for plaintiff.

Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendants.

## OPINION

WEBER, District Judge.

This removed case was originally filed as an equity action in a state court. It sought specific performance of an agreement between motor carriers concerning solicitation, pick-up and delivery of freight in designated areas, or in the alternative, money damages for breach. The agreement recited that the parties did not consider the Interstate Commerce Act to be involved and the contract was not submitted for Interstate Commerce Commission approval. Defendant is subject to ICC regulation. When control of defendant passed into new management doubt was expressed over the legality of the agreement under ICC regulations and defendant petitioned the ICC for a declaration as to the legality of the contract. Plaintiff then filed this action for specific performance, money damages, and an injunction restraining defendant from proceeding with its pending petition before the ICC. Plaintiff also sought leave to intervene in defendant's ICC proceeding, filing a reply contesting the authority of the ICC.

Defendants petitioned for removal of the state court equity action to this United States District Court on the ground that the claims of plaintiff arise under the constitution and laws of the United States over which this court has original jurisdiction. More specifically, defendants contend that the prayer for

specific performance is an effort to enjoin, set aside, annul or suspend rulings of the ICC over which this court has original and exclusive jurisdiction. Further, defendants contend that an action to enjoin the defendants from their present proceeding before the ICC is an action to which the United States is a necessary party and over which this court has original and exclusive jurisdiction.

■ Upon the approval of the required bond, the action was ordered removed. Plaintiff now moves to remand to the state court. This is the procedural method of testing whether the removal was proper. 1 A Moore's Federal Practice, ¶ 0.168[4.–1.].

■ The district courts of the United States are not courts of general jurisdiction. They have only such powers as Congress has prescribed. Gillis v. State of California, 293 U.S. 62, 55 S.Ct. 4, 79 L.Ed. 199 [1934]; Jaconski v. Avisun Corp., 359 F.2d 931 [3d Cir.1966]. Their jurisdiction is never presumed but must appear affirmatively on the record. Lehigh Min. & Mfg. Co. v. Kelly, 160 U.S. 327, 16 S.Ct. 307, 40 L.Ed. 444 [1895]. A case to be removable from a state court to a United States District Court must be one of which the district courts of the United States have original jurisdiction. 28 U.S.C.A. § 1441(a). Where several claims are joined, any individual claim must be such as would be subject to original jurisdiction if sued on alone. 28 U.S.C.A. § 1441(c). The claims which confer such jurisdiction must be found in the plaintiff's complaint and not in defendant's answer or petition for removal. Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 [1936].

No diversity jurisdiction is pleaded here. The grounds of jurisdiction advanced by defendants can arise out of three statutory provisions: 28 U.S.C. § 1331; cases arising under the constitution, laws and treaties of the United States: 28 U.S.C. § 1337, civil actions under any Act of Congress regulating interstate commerce; and 28 U.S.C. § 1336, civil actions to enforce enjoin, set-aside or annul any order of the Interstate Commerce Commission.

Plaintiff asserted a common law action for breach of contract. He does not allege any rights or privilege created by any act of Congress. "To bring a case within the statute, a right or immunity created by the constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Gully v. First National Bank, supra, p. 112, 57 S.Ct. p. 97.

■ Defendant, as shown by its petition for removal, apparently will raise as a defense the invalidity of the contract under ICC regulations. However, there is no existing ICC order on the contract in question. Defendant raises only a conjectural question or possibility of ICC regulations as affecting this contract. This is insufficient for our jurisdictional requirements.

A very similar contention was raised in McFaddin Express, Inc. et al. v. Adley Corp. et al., 240 F.Supp. 791 [D. Conn.1965], affd. 346 F.2d 424 [2d Cir. 1965], cert. den. 382 U.S. 1026, 86 S.Ct. 643, 15 L.Ed.2d 539. That complaint alleged breach of contract between motor carrier corporations, which involved the submission of such contract to, and approval by, the Interstate Commerce Commission.

The Court found that no question of federal law formed a substantial part of plaintiff's case. The remedies sought were for breach of contract, as in the instant case, and these were questions of local or general common law. The court held, following St. Paul, M. & M. Ry. v. St. Paul and No. Pac. R. R., 68 F. 2, 13 [8 Cir.1895], affd. by consent 18 S.Ct. 946, 42 L.Ed. 1212, that the incidental necessity of consulting a federal statute to aid in the interpretation of a private contract or local law, did not make the case one of federal cognizance.

The court further held that to take jurisdiction under 28 U.S.C. § 1337, cases arising under laws of congress regulat-

ing commerce, there must be pointed out a "law" of congress which creates the cause of action. None has been cited by the defendant (the removing party) in the instant case.

The third contention in the *McFaddin* case, as in the instant case, is that because of the existence of an ICC order (or the possibility of an order in the instant case) the court's function becomes an action to enforce or enjoin an order of the ICC under 28 U.S.C. § 1336. However, the court rejected that argument, finding that the ICC order was permissive and for the purpose of securing compliance with ICC regulations, and not to enforce the contract between the parties.

Here, as in *McFaddin*, no violation of any ICC rule or regulation has been alleged in the plaintiff's complaint.

In Chicago & N. W. Ry. v. Toledo, P. & W. R. R., 324 F.2d 936 [7 Cir.1963], the same basis of jurisdiction was claimed and rejected by the court. "We hold that although it was necessary to obtain Interstate Commerce Commission approval of the 1957 agreement, this is not sufficient to confer jurisdiction on the District Court." (p. 938).

Defendant raises the spectre that under the prayer for relief the state court might exceed its powers by enjoining defendant from proceeding with its pending ICC petition to review the contract. In the first place, this possibility is not sufficient to confer jurisdiction upon this court. Finally there is no presumption that the state court will fail to observe the constitutional limitations of its power. See Goldberg v. Stevens, 184 F.Supp. 940, 943 [E.D. Pa.1960], and Dombrowski v. Pfister, 380 U.S. 479, 484, 85 S.Ct. 1116, 14 L.Ed. 2d 22 [1965].

As was stated in defendants' brief: "It is doubtful that such relief is available, but, if it is, it must be available only in this court." Plaintiff also expresses doubt that such relief is available.

Congress has legislated to regulate interstate commerce, and in particular interstate commerce by motor carrier. The jurisdiction of the United States District Courts under such statutes is not co-extensive with the power of Congress. *McFaddin Express Co.,* cit. supra. Matters of interstate transportation were entrusted by Congress to the Interstate Commerce Commission and the role of the courts is limited to enforcing, enjoining, setting aside, annulling or suspending the orders of the Commission. Dairy Distributors, Inc. v. Western Conference of Teamsters, 294 F.2d 348 [10th Cir.1961], cert. den. 368 U.S. 988, 82 S.Ct. 604, 7 L.Ed.2d 525.

## ORDER

And now August 13, 1968, it is ordered that Plaintiff's Motion to Remand is granted, and the within action is remanded to the Court of Common Pleas of Westmoreland County, Pennsylvania.