John E. BOWER, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 72–347.

United States District Court,
W. D. Pennsylvania.

Sept. 14, 1972.

John W. McIlvaine and Oliver N. Hormell, California, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., Richard A. Scully, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## OPINION

WEBER, District Judge.

The mountains of southwestern Pennsylvania within this judicial district were from the times of the earliest European settlers an area particularly propitious for the production of that particular distillate of fermented grain aged in wooden barrels known as whiskey. The Scotch and Irish settlers found there the same quality of spring waters filtered through underlying limestone as they had known in their native highlands. The difficulties of transportation in the rugged terrain made it more economical to reduce their marketable surplus cereal grain to its most concentrated and portable form in order to get this principal cash crop to market. The notion of paying farmers for not producing surplus crops was an idea whose day had not yet come.

We make these preliminary observations because it is primarily because of this local peculiarity that this United States District Court was established. The infant republic seized upon this product as its first source of tax revenue, and the western Pennsylvania farmers responded in a way not since repeated in the history of this republic as a reaction to taxation. The proposed taxpayers were compelled to travel to the federal court in Philadelphia to answer summons for the collection of taxes. They resented this deeply and visited considerable personal indignities on the revenue agents assigned to enforce the tax. President Washington felt compelled to summon the militia of various eastern states (federalize the National Guard) and assume his old military role of Commander-in-Chief to review the troops on the square before the county Court House in Carlisle, Pennsylvania. The troops were dispatched to western Pennsylvania, the revolt subsided, but the subsequent prosecutions of the offenders for treason in the United States Court in Philadelphia largely failed because of the difficulty of transporting witnesses from this transmontane region to the eastern seaboard. The end result was the establishment of a Western District of Pennsylvania in the Judiciary Act of 1801. Perhaps as a matter of caution Congress decided not to expose the court to the temper of the extreme western part of the state, and placed the seat of the court at Bedford, Pennsylvania.

Thereby this court has an historic affinity for cases dealing with whiskey. The origins of the present case go far back, but not quite to the days of the Whiskey Rebellion. The complaint reveals that 25 barrels of 100 proof pure Vandegrift (Pa.) rye whiskey were distilled in 1914, and plaintiff's father purchased these on April 27, 1918, by the endorsement to his order of the distillery warehouse certificates of the Vandegrift Distilling Company. (These warehouse receipts are attached to the complaint and resemble government bonds, but they are not obligations of the United States. They are a device for deferring the payment of the United States internal revenue tax until the whiskey was withdrawn from the distiller's warehouse).

The complaint further alleges that subsequent to July 1, 1919, the Defendant, by its agents, took possession of

said whiskey and held it in its possession. The complaint does not describe how this happened, but we assume that it had something to do with the government's control over previously distilled whiskey after the effective date of the XVIII Amendment and its enabling legislation. The complaint further alleges that in 1924 at the direction of the defendant's agents, acting in the scope of their authority, plaintiff's father and predecessor in title submitted a bond to defendant's Internal Revenue Collector, D. B. Heiner, in order for said whiskey to be transferred from the Vandegrift Distillery Warehouse to a concentration warehouse of the defendant located in or near Philadelphia, Pennsylvania, for safekeeping. Plaintiff's father and plaintiff have made repeated demands for its return, and now plaintiff, claiming ownership by inheritance, demands the return of the specific property, to wit: 25 barrels, Serial Nos. 62456 et seq., containing 1,198.98 gallons of 100 proof Vandegrift pure rye whiskey, as described on the certificates evidencing ownership.

The named defendant in the complaint is "the United States of America, Internal Revenue Service (formerly United States Internal Revenue) Alcohol and Tobacco Tax Unit having offices located in Pittsburgh, Allegheny County, Pennsylvania".

The defendant has moved to dismiss for lack of jurisdiction and because of laches.

Plaintiff's complaint alleges jurisdiction in this court over the subject matter by virtue of 28 U.S.C. § 1361, which is the statute giving district courts jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States to perform a duty owed to plaintiff.

■ We will consider the mandamus jurisdiction later, but first we will examine all possible grounds of jurisdiction because no complaint should be dismissed for a faulty statement of jurisdiction if the facts stated therein can justify jurisdiction on any grounds. Plaintiff's brief in answer to the motion to dismiss does not allege any further basis of jurisdiction.

■ The district courts of the United States are courts of limited jurisdiction. Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 [1940]. Wholly aside from the question of sovereign immunity of the United States from suit, all federal courts are limited to the jurisdiction which is expressly conferred upon them by the Constitution or statutes of the United States. Gillis v. California, 293 U.S. 62, 55 S.Ct. 4, 79 L.Ed. 199 [1934]. The immunity of the United States from suit extends to its governmental departments.

■ Congress has waived the immunity of the United States from suit in certain instances, and in some of these has conferred original jurisdiction to entertain such suits in the United States District Courts. Jurisdiction in such suits may not be extended beyond the exact limitations imposed by Congress. United States v. John Hancock Mutual Life Insurance Co., 364 U.S. 301, 81 S.Ct. 1, 5 L.Ed.2d 1 [1960]; United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 [1940].

■ Examining the range of possible action against the United States covered by the facts asserted in plaintiff's complaint we find nothing giving jurisdiction to the District Courts that can afford the relief demanded. The closest approach is the "Tucker Act" 28 U.S.C. § 1346(a) (2) which confers jurisdiction on the District Courts concurrent with the Court of Claims for a civil action or claim against the United States not exceeding $10,000 in amount, founded upon the Constitution, any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. This jurisdiction is the same as that of the Court of Claims except that the District

Courts are limited to claims of less than $10,000. But plaintiff's action does not claim monetary damages in any amount but rather the delivery of specific property. This is similar to a demand for specific relief of an equitable character, which the court may not entertain under the Tucker Act. Wells v. United States, 280 F.2d 275 [9th Cir. 1960]; Blanc v. United States, 244 F.2d 708 [2nd Cir. 1957]. Therefore, the plaintiff's complaint does not bring him within the Tucker Act.

No other statutory grant of jurisdiction has been found which would cover plaintiff's claim here against the United States.

We turn back to plaintiff's asserted claim of jurisdiction, the mandamus action under 28 U.S.C. § 1361. Under this statute the suit must be brought against an individual officer or employee of the United States. The plaintiff cites Scholder v. United States, 428 F.2d 1123 [9th Cir., 1970]. But it will be noted that the Court of Appeals here sustained the district court's dismissal of the suit as to the United States, and its administrative departments, and further found that the mandamus statute [28 U.S.C. § 1361] was not applicable to the individual defendants named. The court, however, did find the jurisdiction in the district court to entertain a specific claim presented against the government based on the limited and specific grant of jurisdiction to the United States District Courts to try and determine any action involving the right of any person of Indian blood or descent to allotments of land under any law or treaty 25 U.S.C. § 345. Other cases cited by plaintiff under 28 U.S.C. § 1361 have been examined and we have found that each involved a specifically named government officer or agent as defendant.

Even though a suit be brought against a government officer personally, the court has a duty to look beyond the mere caption of the case to determine if the suit is actually one against the United mere caption of the case to determine if ed States. Dugan v. Rank, 372 U.S. 609, lone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 [1962].

No officer of the United States is named as a party defendant here. No individual is named defendant who allegedly refuses to perform a duty owed to plaintiff. The naming of the Internal Revenue Service with offices in Pittsburgh in this judicial district does not satisfy that requirement because the Internal Revenue Service is an administrative arm of the government of the United States. If, as alleged in the complaint, the whiskey is still being held in a warehouse in Philadelphia and some officer or agent there refuses to perform a duty owed plaintiff, a problem of venue would arise.

The defendant has also raised the defense of laches in its motion to dismiss. Laches is a defense of fact. While the fact that the plaintiff failed to bring an action for forty-eight years presents a presumption that the defendant is prejudiced by this untimeliness, nevertheless an issue of fact is presented which cannot be determined on the pleadings. In United States v. Olds, 426 F.2d 562 [3rd Cir., 1970], the court stated:

" . . . [M]andamus must be sought with reasonable promptness. There is no inflexible rule on timeliness and we hesitate to create any. Rather, the question in each case is whether under all the circumstances the remedy was pursued with reasonable dispatch." (p. 565)

We conclude that we must grant defendant's motion to dismiss for lack of jurisdiction even though we deprive the court of possibly viewing the physical evidence of 25 barrels of 58 year old 100 proof Pennsylvania pure rye whiskey.