**In the Matter of The BRIARCLIFF, a Limited Partnership, Debtor.**

**The BRIARCLIFF, Appellant,**

**v.**

**The BRIARCLIFF TENANTS ASSOCIATION and Cliffside Park Rent Leveling Board, Appellees.**

**Civil 81–2566.**

United States District Court,
D. New Jersey.

Oct. 30, 1981.

Ravin & Kesselhaut by Mark Baumgarten, West Orange, N. J., for appellant.

Tarella & Liftman by Beverly Liftman, New Brunswick, N. J., and Marlowe & Kilhenny, Fort Lee, N. J., for appellees.

## OPINION

BIUNNO, District Judge.

This is an appeal from a decision of the Bankruptcy Court filed July 6, 1981, pursuant to Bankruptcy Rule 12–43.

The debtor Briarcliff is landlord and debtor in possession of a luxury apartment building. On August 3, 1977 Briarcliff filed a Chapter XII petition for real property arrangement under the Bankruptcy Act of 1898 as amended. By order of the Bankruptcy Court dated August 12, 1977 Briarcliff was designated debtor in possession.

The present controversy grows out of the debtor's conversion of the building's electrical metering system from a master meter system to individual meters for the apartments. Under this new system each tenant now pays for his own electrical use. The Briarcliff Tenants' Association then filed a complaint with the Rent Leveling Board of the Borough of Cliffside Park. The tenants' complaint alleged that the change requiring them to pay individual utility charges amounted to a rental increase in excess of the amount permitted by Rent Leveling Ordinance of the Borough.

The debtor then filed a motion with the bankruptcy judge to stay the Rent Leveling Board proceedings under the automatic stay provisions of Rule 12–43(a) of the Rules of Bankruptcy Procedure. The bankruptcy judge denied the motion, with a stay granted pending appeal. Debtor appealed to this court.

The notion that the automatic stay is determinative of the outcome of an action which involves government regulatory functions is a red herring, which in recent years has led courts which have had to deal with this issue down the wrong path.

Section 11 of the Bankruptcy Act establishes the basic automatic stay in all bankruptcy cases. The automatic stay of Section 11 was created to stop the outflow of assets from a bankrupt's estate, and to give debtors relief from harassment by creditors, in order that he may effect his discharge. *Collier on Bankruptcy* § 11–02.

The outflow of assets from a bankrupt's estate is stopped by the stay under Section 11 by restraining suits against a bankrupt which litigate claims which are dischargeable in bankruptcy. *In Re S. W. Straus & Co.*, 6 F.Supp. 547 (S.D.N.Y.1934) and which arise from pre-filing activity.

Section 11 however, does not apply to the reorganization sections of the Bankruptcy Act, it only applies to liquidations. Therefore, the provisions of Section 11 were supplemented with specific stay provisions for bankrupts who elect to undergo reorganization. Rule 12–43 of the Rules of Bankruptcy Procedure only supplements these provisions and does not expand their scope. *Collier, supra*, § 12–43.01. Thus, even though the stay of Rule 12–43 is a broadly worded stay, it can go no farther than the aforesaid limits of Section II.

█ The action of the Cliffside Park Rent Leveling Board is not a proceeding which will litigate a claim dischargeable in bankruptcy. Rather, such proceeding is a rightful assertion of a local government police power, as held by New Jersey courts. *Inganamort v. Borough of Fort Lee*, 62 N.J. 521, 303 A.2d 298 (1973) and later cases in this line. Governmental regulatory agencies have long been exempt from the bankruptcy stays by statute.

The ability of a regulatory body to assert its will on a federal receiver was first established in 1887.

"Sec. 2. That whenever in any cause pending in any court of the United States there shall be a receiver or manager in possession of any property such receiver or manager shall manage and operate such property according to the requirements of the valid laws of the State in which such property shall be situated in the same manner the owner or possessor thereof would be bound to do if in possession thereof. Any receiver or manager who shall willfully violate the provisions of this section shall be deemed guilty of a misdemeanor, and shall, on conviction thereof be punished by a fine not exceeding three thousand dollars, or by imprisonment not exceeding one year, or by both said punishments, in the discretion of the court." 24 Stat. at 554.

This statute was revised, with only minor changes, in 1911 and retitled 28 U.S.C. § 124:

"Whenever in any cause pending in any court of the United States there shall be

a receiver or manager in possession of any property, such receiver or manager shall manage and operate such property according to the requirements of the valid laws of the state in which such property shall be situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof. Any receiver or manager who shall willfully violate any provision of this section shall be fined not more than $3,000, or imprisoned not more than one year, or both."

This statute was upheld by the Supreme Court in *Gillis v. California*, 293 U.S. 62, 55 S.Ct. 4, 79 L.Ed. 199 (1934). Gillis was appointed receiver for the purpose of reorganization of an oil company, by the District Court for the Southern District of California. Gillis was unable to comply with local statutes which require a bond and license to run such a business. The district court allowed Gillis to continue to operate the business over the objections of the state. The Court of Appeals reversed, and the Supreme Court agreed, holding it does not matter that compliance with local regulations would diminish the power of the receiver to operate the business because:

"The ultimate inquiry is whether Congress can withhold from District Courts the power to authorize receivers in conservation proceedings to transact local business, contrary to State statutes obligatory upon all others.

That Congress has such power we think is clear, and the language of § 65 leaves no doubt of its exercise. The accepted doctrine is that the lower Federal Courts were created by the Acts of Congress and their powers and duties depend upon the acts which called them into existence, or subsequent ones which extend or limit." *Gillis supra* at 66, 55 S.Ct. at 5.

This issue came before the Second Circuit in *Cullen v. Bowles*, 148 F.2d 621 (2nd Cir. 1945) as it applied to rent control. The trustee in bankruptcy of an apartment building filed a petition in the District Court to determine if he was subject to the Emergency Price Control Act of 1942 which

froze the rents charged. The District Court found the price controls did not apply because "the property and its income are vested in and subject to the jurisdiction of the bankruptcy court" *Cullen supra* at 622. The Court of Appeals reversed holding that "It has been generally held that federal regulatory statutes regulating business in the public interest are equally applicable when the business is run by trustees or receivers." *Cullen supra* at 623. The regulation in question established a forum to challenge the rent allowed to be charged and the trustee must litigate any complaint there. *Cullen supra* at 623. See also, *Finn v. 415 Fifth Avenue Co.*, 153 F.2d 501 (2nd Cir. 1946).

The statute was again revised in 1948 as 28 U.S.C. § 959:

"TRUSTEES AND RECEIVERS SUABLE; MANAGEMENT; STATE LAW.

"(a) Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.

"(b) A trustee, receiver or manager in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof."

This version of the statute differs from the 1911 statute only in that it consolidated Title 28 U.S.C. §§ 124, and 125 (Mar. 3, 1911) into a single section. 28 U.S.C. § 959 did not affect or alter the substantive law as decided in *Gillis supra* and *Cullen supra*.

With the revision of the Bankruptcy Act into the New Bankruptcy Code of 1978, 28 U.S.C. § 959(b) was once again revised to bring the wording into conformity with the sections of the New Bankruptcy Code.

"§ 959. TRUSTEES AND RECEIVERS SUABLE: MANAGEMENT: STATE LAWS

\*      \*      \*      \*      \*      \*

"(b) Except as provided in section 1166 of title 11, a trustee, receiver or manager appointed in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof."

This version again does not change the substantive law of *Gillis* and *Cullen supra*, with the exception of a railroad reorganization 95 *U.S.Code and Cong.Rep.* 6399.

The current matter is under the former Bankruptcy Act, not the new Bankruptcy code and the court must apply 28 U.S.C. § 959 (1948) not the 1978 version. The new code is not to affect cases commenced under the prior law with respect to both substantive and procedural matters. P.L. 95–598 Title IV, Sec. 402.

Before the 1978 changes, 28 U.S.C. § 959(b) clearly requires a trustee, receiver or manager in bankruptcy to comply with state law. To decide otherwise would lead to irrational results. The trustee of a bankrupt insurance company would be allowed to avoid the state insurance commission and raise the rates as he wished. The trustee of a liquor store could ignore the local licensing and operating laws. The statute necessitates careful investigation of local laws affecting the operation of a particular business before a trustee begins to operate 8 *Colliers* § 1.21. It's not the province of the bankruptcy court to undertake the role of local agencies. The bankruptcy court is only empowered to preserve the assets of a bankrupt estate and cannot authorize noncompliance with local law. *In re Dolly Madison Industries (In re State Corporation Commission of Virginia)*, 504 F.2d 499 at 504 (3rd Cir. 1974).

In recent years, cases on the issue of whether the bankruptcy court can control regulatory agencies has focused on the automatic stay provision rather than on 28 U.S.C. § 959. Such focus is understandable from the point of view of the debtor. If the debtor can lead the court away from 28 U.S.C. § 959 and argue only the propriety of the stay, then he has a chance to hinder such regulatory actions. The wording of the stays in Rules 11–44 and 12–43 is very broad and leads one easily to the mistaken conclusion that all actions, even those by State and local governments, are stayed. It's only when 28 U.S.C. § 959 is considered, are the limits of the stay clearly drawn. No case which has upheld a stay as applied to governmental agencies has ever considered 28 U.S.C. § 959. See *In re Hillside Foundry Co.*, 2 CBC 542 (Bankr.Ct.W.D. Mich.1974), *In re C. Angelo Priest, Inc.*, 13 CBC 524 (Bankr.Ct.D.N.J.1977).

The trend of recent years must be corrected to refocus attention on the limitation 28 U.S.C. § 959 draws around the power of the bankruptcy courts. It is clearly outside the power of the court to allow an activity continued after filing in bankruptcy to ignore state or local law which all others in the same activity must comply with.

The Rent Leveling Board of Cliffside Park was established to maintain specific rent levels in the community. Such rent levelling is a constitutionally allowable function of the police power. *Inganamort supra.*

It must be kept in mind that 28 U.S.C. § 959, while applicable to trustees, receivers and managers (however designated, and including a "debtor in possession") appointed in bankruptcy proceedings, also applies to such officers appointed by a court of the United States in other kinds of actions or proceedings not involving bankruptcy.

As a matter of procedure, the practice in the administration of estates by receivers or by other similar officers appointed by a court is governed by Rule 66, F.R.Civ.P. When the property is in different districts, 28 U.S.C. § 754 provides for complete jurisdiction in a single proceeding.

Thus, whether trustee, receiver or manager be appointed in a bankruptcy matter or in some other kind of action or proceeding, the intent of Congress as expressed in 28 U.S.C. § 959 operates to direct that such persons, as officers of the court, are to comply with applicable State and local law while they carry on their activities. If such a person conducts a retail business, for example, he must collect and remit applicable sales taxes. If he sells products subject to price regulation, such as cigarettes, he is required to comply. In this case the debtor in possession is conducting an apartment rental business, and so must comply with rent levelling ordinances. The proper forum for resolving disputes in that regard is the regulatory agency, not the bankruptcy court.

Since appellant's motion below asked the court to act beyond its power and to interfere with the function of the local rent levelling board, it was properly denied and its order is affirmed.