**UNITED STATES of America,**
**Plaintiff,**

v.

**Robert K. ZABKA, et al., Defendants.**

**Case No. 10–1078.**

United States District Court,
C.D. Illinois,
Peoria Division.

Sept. 11, 2012.

Nathan L. Strup, U.S. Department of Justice, Washington, DC, for Plaintiff.

Brent A. Winters, Law Office of Brent Winters, Casey, IL, Paul Robert Tom, Attorney at Law, Tulsa, OK, H. Kent Heller, Heller Holmes & Associates PC, Mattoon, IL, Mariann Pogge, Springfield, IL, for Defendants.

## *ORDER*

MICHAEL M. MIHM, District Judge.

This matter is now before the Court on Plaintiff the United States of America's ("the Government") Motion for Appointment of Receiver [# 145]. For the following reasons, the Government's Motion [# 145] is GRANTED.

## BACKGROUND

The Government brought this lawsuit to obtain judgment and to collect unpaid federal income tax assessments against the Zabkas for years 1996 through 1999, to obtain a declaration that the federal tax liens associated with those assessments attached to all property and rights to property of Robert and Debra Zabka ("the Zabkas"), and to foreclose upon those federal tax liens. During the course of this litigation, the Court has made the following findings relevant to the Government's instant motion:

| | |
|---|---|
| October 3, 2000 | Zabkas entered into three Limited Partnership Agreements [1] |
| October 6, 2003 | Assessments made for unpaid incomes taxes, penalties, and interest for tax years 1998 and 1999; federal tax liens arose |
| November 13, 2003 | Limited Partnership Agreements are amended—sole change was to list Dunamis, LLC as the only general partner [2] |
| August 9, 2004 | Assessments made for unpaid incomes taxes, penalties, and interest for tax years 1996 and 1997; federal tax liens arose |

1. These agreements state that the Zabkas were the only general partners and the only limited partners in Brookstone Hospitality Limited Partnership, Antiques Limited Partnership, the ZFP Limited Partnership ("the Limited Partnership Defendants.")

2. The Zabkas remained limited partners in each Partnership and each Agreement stated that Dunamis had no ownership or capital interest in the Partnership, that Dunamis could not deduct partnership losses, and that Dunamis would not receive a distribution upon liquidation of the given Partnership. Dunamis was allowed a one percent share of profits; the Zabkas were each allotted 49.5 percent share of profits and a 100 percent share or losses or capital interest.

On March 30, 2012, this Court granted the Government's Motion for Summary Judgment [# 144], finding that federal tax liens arose when the Internal Revenue Service ("IRS") made tax assessments against the Zabkas and that those liens attached to all personal property and rights to property of the Zabkas, including all of their ownership interests in the Limited Partnerships. As of October 6, 2003, the Zabkas' personal property and rights to property included their 100 percent ownership interest in the Limited Partnerships.

On April 20, 2012, the Government filed its Motion for Appointment of Receiver [# 145] and supported it with proper certification [# 145–1]. The Zabka Defendants and the Dunamis and Limited Partnership Defendants object to the appointment of a receiver and also dispute what procedures govern the management and liquidation of the Zabkas' property. The issue has been exhaustively briefed and this Order follows.

## DISCUSSION

### 1. Does this Court have the authority to appoint a receiver in equity?

 In the instant case, the Government seeks the appointment of a receiver with the powers of a receiver in equity pursuant to 26 U.S.C. §§ 7403(d) and 7402(a). In relevant part, the Internal Revenue Code provides:

The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue . . . orders appointing receivers, and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies hereby provided are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws.

26 U.S.C. § 7402(a) (2012). The Internal Revenue Code also provides that a court "may appoint a receiver to enforce the lien, or, upon certification by the Secretary during the pendency of such proceedings that it is in the public interest, may appoint a receiver with all the powers of a receiver in equity." 26 U.S.C. § 7403(d) (2012).

The Limited Partnership and Dunamis Defendants oppose the appointment of a receiver and, in so doing, properly classify the language used to describe the court's power to appoint a receiver in §§ 7402(a) and 7403(d) as discretionary. In doing so, the Limited Partnership and Dunamis Defendants cite to *Harris N.A. v. United States*, 2011 WL 833620, 2011 U.S. Dist. LEXIS 22066 (N.D.Ill.2011) wherein that Court noted "nothing in the language of these statutes requires the court to appoint a receiver . . . rather than proceed with a judicial sale." In keeping with their past submissions to the Court, the Defendants did not bolster the citation with any argument of their own. However, the Defendants' failure to properly articulate their position of little consequence because it does not follow that because this Court's ability to appoint a receiver is discretionary, that the Court *should not* do so in the instant case.

The Limited Partnership and Dunamis Defendants also argue that the appointment of a receiver requires a showing that the underlying assets are in jeopardy, citing to this Circuit's opinion in *In re McGaughey*. In that case, the Seventh Circuit found that when a § 7403(d) request for appointment of a receiver is made, the Government "needs only to make a *prima facie* showing that a substantial tax liability probably exists and that the Government's collection efforts may be jeopardized if a receiver is not appointed." *In re McGaughey*, 24 F.3d 904,

907 (7th Cir.1994). The Limited Partnership and Dunamis Defendants claim that because there has been no such showing of jeopardy with respect to the underlying real properties in this case that the appointment of a receiver should be denied.

The Government takes issue with this reading of *In re McGaughey,* stating that there "the Seventh Circuit merely described the standard applicable for a temporary receivership ... [and additionally] did not consider § 7402(a), which is a separate basis for the United States' motion in the present case." [# 167 at 5]. Furthermore, the Government argues that § 7402(a) "has been construed broadly to allow courts the full panoply of remedies necessary to effectuate the enforcement of the federal tax laws" [# 167 at 8] (citing *United States v. Bartle,* 2002 WL 75437 *4 (S.D.Ind. Jan. 16, 2002)) and, as such, the statute empowers the Court to appoint a receiver in this case.

Additionally, the Government cites to *United States v. Rodgers,* 461 U.S. 677, 707, n. 36, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983) to argue that the appointment of a receiver under § 7403(d) is appropriate where "the collector of internal revenue ... has reason to believe the taxpayer will not be able to meet his obligations and where the public interest will be prejudiced by resorting to the provisions in the present law, for distraint on the taxpayer's assets." Indicating the Zabkas' tax liability of "more than $3.4 million in unpaid income tax debts ... [and their] unbending refusal to pay those debts ... [which] continues to date" the Government concludes that "[c]learly then, the Zabkas have not been meeting their obligations and the United States has good reason to believe that they will not be able to meet their tax obligations." [# 167 at 8]. In light of its tendered § 7403(d) certification [# 145–1] and its argument as outlined above, the Government maintains it has

met the requirements for the appointment of a receiver pursuant to § 7403(d).

Initially, the Court finds that given the facts of this case and the timing of the receivership request, there is no need for it to make a jeopardy determination. Unlike *In re McGaughey,* this litigation has effectively ended; judgment was entered in favor of the Government and the only remaining task is for the Government's tax liens to be enforced against the Zabkas' property and rights to property. In this post-judgment context, the Zabkas cannot now succeed on the merits of arguing their tax liability and there is no risk of harm to the Defendants. As indicated above, the Court previously found that the Government's liens attached to all property and rights to property of the Zabkas when it assessed them for tax years 1998 and 1999 on October 6, 2003. At that time, the Zabkas' property and rights to property included their 100 ownership interest and 100 percent partnership interest in the Limited Partnerships. Accordingly, the Court declines to make a jeopardy finding.

Because it is within this Court's broad statutorily prescribed purview to do so, the Court hereby GRANTS the Government's Motion for Appointment of Receiver [# 145]. The Court now turns to the terms of the receivership, namely how the Receiver will properly marshal, manage, and liquidate the aforementioned assets.

**2. Once appointed, what procedures must the receiver follow in managing and liquidating the assets?**

In their brief [# 178] addressing what procedures a receiver must follow in managing and operating the Zabkas' property and rights to property, the Dunamis and Limited Partnership Defendants argue that 28 U.S.C. § 959(b) compels the Government to observe state law—specifically, 805 Ill. Comp. Stat. 215/703 which

governs the rights of a creditor of a partner or transferee under Illinois law. Defendants claim that Illinois state law is unequivocal in that it "provides the exclusive remedy by which a judgment creditor of a partner or transferee may satisfy a judgment out of the judgment debtor's transferable interest," *see* 805 Ill. Comp. Stat. 215/703, and that the "exclusive remedy" is a charging order. Furthermore, Defendants contend that Congress has the unambiguous authority to "withhold from District Courts the power to authorize receivers in conservation proceedings to transact local business, contrary to state statutes obligatory on all others." *Gillis v. California*, 293 U.S. 62, 66, 55 S.Ct. 4, 79 L.Ed. 199 (1934). Defendants' remaining arguments are ones which, admittedly, they have previously raised and are inappropriate to reconsider at this post-judgment stage of litigation. ("The LP's and Dunamis raised [the issue of Dunamis perfecting its security interest in the taxpayers' property prior to the Government filing its Notice of Federal Tax Lien] in their Joint Motion to Dismiss (ECF 128) . . . the LP's and Dunamis asserted the foregoing arguments in their Response (ECF 119) . . . and [their] Motion for Sanctions (ECF 135) . . . [i]n addition, the arguments were raised in Dunamis and the LP's Response (119).") [# 178, 14–5].

The Court first turns to the language of 28 U.S.C. § 959(b) which provides:

> [A] trustee, receiver or manager appointed in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof.

28 U.S.C. § 959(b). Defendants argue that the plain language of the statute, combined with the Supreme Court's decision in *Gillis v. California*, require the receiver to obtain a charging order to satisfy the Government's judgment. In that case, the Supreme Court held that "if the receiver cannot continue to carry on the Company's business according to the plain direction of Congress, he must pursue some other course permitted by law." 293 U.S. at 66, 55 S.Ct. 4. However, the issue decided in *Gillis*—that a lower court could not exempt a receiver from valid state laws that regulate how a company was to be safely conducted—is not the issue now before the Court. Because the Court has already determined that the appointment of a post-judgment receiver is appropriate, the remaining question is *how* the receiver is to manage, operate, and necessarily liquidate the Zabkas' interests in the Limited Partnerships in order to satisfy the Government's liens against that property and interest in property.

In considering the import of § 959(b), the Seventh Circuit held "just as an owner of possessor of property is required to comply with state law, so too must a receiver comply with state law in the 'management and operation' of the receivership property in his possession." *SEC v. Wealth Mgmt. LLC*, 628 F.3d 323, 334 (7th Cir.2010). However, the Seventh Circuit went on to hold "[m]odern courts have . . . concluded that § 959(b) does not apply to liquidations." *Id.* (citing *In re Valley Steel Prods. Co.*, 157 B.R. 442, 447–49 (Bankr. E.D.Mo.1993) (holding § 959(b) does not apply to liquidations and citing cases); *In re N.P. Mining Co.*, 963 F.2d 1449, 1460 (11th Cir.1992) ("A number of courts have held that section 959(b) does not apply when a business's operations have ceased and its assets are being liquidated."); *Saravia v. 1736 18th St., N.W., LP*, 844 F.2d 823, 827 (D.C.Cir.1988) (viewing the stat-

ute as applying only to operating businesses, not ones that were in the process of being liquidated)). The Seventh Circuit agreed with these interpretations of the statute. *Id.*

To the extent that the appointed receiver must manage and liquidate the Limited Partnerships, he must do so in a manner which does not violate state law governing their operation. *See In re Wall Tube & Metal Prods. Co.*, 831 F.2d 118, 122 (6th Cir.1987) (section 959(b) compels a receiver to comply with state public health and safety laws when liquidating receivership property). This Court hereby finds that the facts of the instant case are more in line with *SEC v. Wealth Mgmt. LLC* than *Gillis* or *In re Wall Tube:* in this case, the remaining task for the receiver is to inventory the Zabkas' property and interest in property and manage the Limited Partnerships as necessary in order to arrange for the sale or other liquidation of those assets to satisfy the Zabkas' tax liabilities. Because Defendants make no claim (and indeed cannot now make a prospective claim) that the receiver has violated Illinois state law in its management and operation of the Limited Partnerships and their underlying assets, the Court finds there to be no legitimate objection to the Government's Proposed Order Appointing a Receiver [# 145–3].

Alternatively, the Court finds that there is no conflict between the Proposed Order and 805 Ill. Comp. Stat. 215/703. That statute, part of the Illinois Uniform Limited Partnership Act, governs the rights of a creditor of a partner or transferee and provides, in relevant part:

> (a) On application to a court ... by any judgment creditor of a partner or transferee, the court may charge the transferable interest of the judgment debtor with payment of the unsatisfied amount of the judgment with interest. ... (b) A charging order constitutes a lien on the judgment debtor's transferable interest .... (e) This Section provides the exclusive remedy by which a judgment creditor of a partner or transferee may satisfy a judgment out of a judgment debtor's transferable interest.

§ 805 Ill. Comp. Stat. 215/703. As outlined above, this Court has previously determined that the Government's liens attached to all property and rights to property of the Zabkas at the time of their October 6, 2003 assessment tax years 1998 and 1999. At that time, the Zabkas' property and rights to property included their 100 percent ownership interest in the Limited Partnerships. The state law statute at issue describes a charging order as the exclusive remedy "by which a judgment creditor of *a* partner or transferee may satisfy a judgment out of a judgment debtor's transferable interest." 805 Ill. Comp. Stat. 215/703(e) (emphasis added). The plain language of that statute—which refers to a judgment creditor of *an individual partner*—demonstrates that it was designed to protect other partners in a partnership when one, but perhaps not all, of the partners had become encumbered with a judgment creditor. In that respect, the Court finds that the state statute is irrelevant to the circumstances of the instant case because the Government's federal tax lien attached to the Zabkas' 100 percent ownership interest of the Limited Partnerships. Accordingly, the Court finds there to be no conflict between the Government's Motion [# 145] and 805 Ill. Comp. Stat. 215/703.

As indicated above, two separate assessments were made for tax years 1998 and 1999 and 1996 and 1997. If assets remain after federal tax liens associated with years 1998 and 1999 have been enforced, the Receiver is hereby directed to submit a report detailing that surplus to the Court. In its report, the Receiver would:

(1) report any assets remaining after the tax liability for years 1998 and 1999 has been satisfied and (2) address any proposed further enforcement of liens associated with tax years 1996 and 1997.

## CONCLUSION

For the aforementioned reasons, the Government's Motion for Appointment of a Receiver [# 145] is GRANTED. The Government is DIRECTED to submit a supplemental Proposed Order that incorporates the above wording within 14 days.